EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ljubinka Markovic<br><br>Recurrida<br><br>v.<br><br>John J. Meldon y Diana B. Fitzgerald<br><br>Peticionarios | Certiorari<br><br>2025 TSPR 99<br><br>216 DPR \_\_\_ |

Número del Caso: CC-2024-0273


Fecha: 8 de octubre de 2025


Tribunal de Apelaciones:

    Panel V


Representantes legales de la parte peticionaria:

    Lcdo. Manuel Fernández Bared
    Lcdo. Ángel Sosa Báez


Representante legal de la parte recurrida:

    Lcdo. Carlos R. Paula


Materia: Procedimiento Civil; Derecho Apelativo – Corresponde exigir la fianza en apelación en todo caso de desahucio.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ljubinka Markovic

    Recurrida

      v.                          CC-2024-0273

John J. Meldon y Diana B.
Fitzgerald

    Peticionarios

La Jueza Presidenta ORONOZ RODRÍGUEZ emitió la Opinión del Tribunal

En San Juan, Puerto Rico a 8 de octubre de 2025.

En esta ocasión debemos determinar si en casos ordinarios de desahucio corresponde la prestación de fianza en apelación. Por entender que el propósito de la prestación de la fianza en apelación se sostiene, e incluso se magnifica, en procesos ordinarios, pautamos que, como regla general, corresponde exigir la fianza en apelación en todo caso de desahucio, irrespectivamente de su naturaleza sumaria u ordinaria. En consecuencia, revocamos el dictamen del Tribunal de Apelaciones.

I

El 12 de mayo de 2021 la Sra. Ljubinka Markovic (señora Markovic) instó una demanda sobre desahucio y

cobro de dinero en contra del Sr. John J. Meldon (señor Meldon) y la Sra. Diana B. Fitzgerald (señora Fitzgerald) (en conjunto, inquilinos). En síntesis, la señora Markovic expuso que es dueña de una propiedad ubicada en la Calle del Sol en el Viejo San Juan. Adujo que arrendó la propiedad al señor Meldon y a la señora Fitzgerald por un canon mensual de tres mil setecientos cincuenta dólares ($3,750) desde el 15 de febrero de 2020 hasta el 14 de febrero de 2021. Indicó que, vencido el término de arrendamiento de un (1) año, estos no desalojaron la propiedad. Por lo tanto, solicitó que se ordenara el desalojo de los inquilinos y el pago de los cánones adeudados desde el día que venció el término de arrendamiento, al amparo del Artículo 620 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2821.

Así las cosas, el 18 de junio de 2021 el señor Meldon y la señora Fitzgerald presentaron su *Contestación a la demanda y reconvención*. Admitieron que la señora Markovic es la dueña de la propiedad de la cual son inquilinos. Explicaron que suscribieron un contrato de arrendamiento por el término de un (1) año y que se comprometieron a pagar por adelantado la totalidad de los cánones de arrendamiento.[1] Indicaron que en el contrato de arrendamiento pactaron una opción de compraventa y que la señora Markovic incumplió su obligación contractual de venderles la propiedad. Ante el reclamo sobre incumplimiento contractual, los inquilinos solicitaron que se tramitara el procedimiento de desahucio por la vía ordinaria.

---

[1] Se comprometieron a pagar una suma global de cuarenta y cinco mil dólares ($45,000).

Luego de varios trámites procesales, el 19 de octubre de 2021 el Tribunal de Primera Instancia emitió una *Orden* en la que convirtió el pleito de desahucio al trámite ordinario y autorizó la reconvención sobre incumplimiento contractual y daños.

El 29 de octubre de 2021 la señora Markovic presentó una *Contestación a reconvención y defensas afirmativas* en la cual solicitó que se desestimara la reconvención. Conjuntamente, presentó una *Demanda enmendada* en la que expuso que los inquilinos quedaban obligados a ejercer la opción de compraventa noventa (90) días antes de vencer el contrato de arrendamiento. Empero, alegó que estos notificaron su intención tardíamente. El 24 de noviembre de 2021 los inquilinos comparecieron y solicitaron que se declarara sin lugar la *Demanda enmendada*.

Más adelante, ambas partes presentaron solicitudes de sentencia sumaria. El señor Meldon y la señora Fitzgerald alegaron que ejercieron su derecho de opción sobre la propiedad oportunamente por lo que correspondía aplicar el derecho y resolver a su favor. Por otro lado, la señora Markovic solicitó que se ordenara el desahucio de los inquilinos y el pago de los cánones de arrendamiento adeudados.

Así las cosas, el 28 de diciembre de 2023 el foro primario emitió una *Sentencia parcial* en la que declaró ha lugar la *Moción de sentencia sumaria* que presentó la señora Markovic y denegó la *Moción de sentencia sumaria* que

presentaron los inquilinos.[2] En síntesis, el foro primario concluyó que estos no ejercieron su derecho a la opción de compra dentro del término correspondiente. Además, determinó que procedía ordenar el desahucio de los inquilinos pues el término del contrato había expirado y al momento de presentar la acción de desahucio la señora Markovic comunicó su intención de dar por terminado el arrendamiento. Asimismo, el Tribunal de Primera Instancia dispuso que una vez el dictamen adviniese final y firme calendarizaría una vista para atender el reclamo por los daños que alegó la señora Markovic.

Inconformes, el 1 de febrero de 2024 los inquilinos acudieron ante el Tribunal de Apelaciones mediante un recurso de apelación. Alegaron que el foro de instancia erró en su interpretación del contrato y al concluir que la notificación sobre la opción de compraventa fue tardía.

No obstante, el 5 de febrero de 2024 el Tribunal de Apelaciones emitió una *Resolución* en la que le concedió a los inquilinos un término perentorio para exponer las razones por las cuales no procedía la desestimación del recurso, dado que el Tribunal de Primera Instancia no impuso la fianza en apelación que usualmente corresponde en casos de desahucio.

El 9 de febrero de 2024 los inquilinos comparecieron mediante *Moción en cumplimiento de orden*. Alegaron que la fianza en apelación es una norma perteneciente al proceso sumario. Ante la conversión del pleito al trámite ordinario, interpretaron que el requisito de la fianza no era aplicable.

---

[2] Este dictamen se notificó el 2 de enero de 2024.

En la alternativa, esbozaron que la consignación de los cánones de arrendamiento adeudados ante el Tribunal de Primera Instancia surte el mismo efecto que prestar la fianza. A pesar de su primer planteamiento, estos arguyeron que, en vista de que consignaron los cánones adeudados, el foro apelativo intermedio adquirió jurisdicción sobre el asunto.

El 28 de febrero de 2024 el foro apelativo intermedio emitió una *Sentencia* mediante la cual desestimó el recurso por falta de jurisdicción. **Expuso que el recurso se presentó de manera prematura, pues el Tribunal de Primera Instancia no fijó a la parte apelante una fianza en apelación ni avaló la exención del pago de esta, lo cual era un requisito jurisdiccional en todo caso de desahucio.**

En desacuerdo, el 14 de marzo de 2024 el señor Meldon y la señora Fitzgerald presentaron una solicitud de reconsideración, pero el Tribunal de Apelaciones la denegó. Aún inconformes, el 6 de mayo de 2024 los inquilinos presentaron este recurso. En su escrito de revisión alegaron que:

> Erró el TA al desestimar la apelación y declararse sin jurisdicción aplicando el requisito de fianza del Código de Enjuiciamiento Civil para el procedimiento de desahucio sumario a un caso que se tramitaba bajo el procedimiento ordinario.

Por otro lado, ante la posible determinación de que aplica la fianza en apelación, mantuvieron que el Tribunal de Apelaciones adquirió jurisdicción. Reiteraron que, al consignar los cánones adeudados, cumplieron con el propósito de la prestación de la fianza.

Examinado el recurso de epígrafe, el 28 de junio de 2024 emitimos una *Resolución* en la cual le concedimos un término de treinta (30) días a la señora Markovic para que mostrara causa por la cual no debíamos expedir la petición de *certiorari* de los inquilinos.

Oportunamente, la señora Markovic presentó una *Moción de la parte recurrida en cumplimiento de orden para mostrar causa por la cual el recurso de certiorari no debe ser expedido*. En lo pertinente al caso, esboza que procedía imponer a los inquilinos la fianza en apelación según exige el Artículo 630 del Código de Enjuiciamiento Civil, *supra*. Arguye que los estatutos aplicables omiten diferenciar entre el desahucio sumario y ordinario. Ante ello, plantea que la conversión del caso al procedimiento ordinario no exime al señor Meldon y a la señora Fitzgerald de prestar la fianza. Por otro lado, argumenta que la consignación de los cánones adeudados no cumple con el propósito que busca remediar la prestación de la fianza en apelación.

Expedimos el recurso de *certiorari* y procedemos a resolver.

## II

### A. La jurisdicción

La jurisdicción consiste en el poder o la autoridad que tiene un tribunal para considerar y resolver las controversias que se presentan ante sí. JMG Investments v. ELA et al., 203 DPR 708, 714 (2019); Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015). Los tribunales tienen la

responsabilidad de examinar su propia jurisdicción antes de adentrarse a adjudicar una controversia. Íd. Esto es así pues la falta de jurisdicción priva al tribunal de la autoridad para atender la controversia. Es por esto que en nuestro ordenamiento los tribunales deben ser celosos guardianes de su jurisdicción y deben atender este asunto de manera preferente, independientemente de si fue cuestionado por las partes o a *motu proprio*. Íd.

Además, la ausencia de jurisdicción trae consigo las siguientes consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este abrogársela, y (3) conlleva la nulidad de los dictámenes emitidos. Acosta et al. v. SLG Ghigliotti, 186 DPR 984, 991 (2012) (citando a SLG Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011)). En consecuencia, cuando un tribunal no tiene jurisdicción debe desestimar la reclamación sin entrar en los méritos de la controversia.

**B. El desahucio**

El desahucio es el remedio que tiene el propietario de un inmueble arrendado para recobrar judicialmente su posesión. Adm. Vivienda Pública v. Vega Martínez, 200 DPR 235, 240 (2018). Por lo general, se reconoce como una acción especial de carácter sumario, pues responde al interés gubernamental de atender de manera prioritaria la reivindicación de la posesión y del disfrute de un inmueble.

Turabo Ltd. Partnership v. Velardo Ortiz, 130 DPR 226, 234-235 (1992).

El trámite del desahucio sumario se rige por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, y responde al interés del Estado de atender expeditamente la reclamación del dueño de un inmueble. Adm. de Vivienda Pública v. Vega Martínez, *supra*. El alcance de las controversias que pueden ventilarse en este procedimiento sumario es limitado, puesto que, como "lo único que se intenta recobrar mediante la referida acción sumaria es la posesión del inmueble, [...] los conflictos de título no pueden dilucidarse en un procedimiento de desahucio". Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 431 (2009). Los conflictos de título existen "cuando [la parte demandada] presenta prueba suficiente que tienda a demostrar su derecho a ocupar el inmueble en controversia y que tiene un título tan bueno o mejor que el [de la parte demandante]". Íd.

A raíz de lo anterior, hemos reiterado que en la acción sumaria se debe limitar la concurrencia o consolidación de otras acciones o defensas. ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 9-10 (2016). Por ello, nuestro ordenamiento también permite que cuando la parte demandada presenta otras defensas afirmativas relacionadas con la acción de desahucio, esta puede solicitar que el procedimiento se convierta al trámite ordinario. Íd.

Ahora bien, el procedimiento se tramitará por la vía ordinaria si la conversión no causa dilaciones innecesarias

y la parte demandada establece un caso *prima facie* en su defensa. Véase <u>Mora Dev. Corp. v. Sandín</u>, 118 DPR 733, 750 (1987); <u>Marín v. Montijo</u>, 109 DPR 268 (1979). "En tal caso, la reclamación estará sujeta a las reglas de la litigación civil ordinaria, excluyendo la legislación especial que reglamenta el desahucio sumario y sus restringidos plazos y condiciones". <u>ATPR v. SLG Volmar-Mathieu</u>, *supra*, pág. 10. En otras palabras, en el trámite ordinario corresponde aplicar los términos regulares, según requieren las Reglas de Procedimiento Civil. Esto se debe a la naturaleza amplia que define el trámite del juicio ordinario. <u>Mora Dev. Corp. v. Sandín</u>, *supra*, pág. 741.

### C. La fianza en apelación

El Artículo 629 del Código de Enjuiciamiento Civil, *supra*, establece un término jurisdiccional de cinco (5) días para que la parte perjudicada por la sentencia de desahucio presente un recurso de apelación. <u>Íd</u>. Este término "no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía o, en la alternativa, exima [a la parte demandada] de tener que prestar la fianza". <u>ATPR v. SLG Volmar-Mathieu</u>, *supra*, pág. 15. La fianza responde a "los daños y perjuicios que pueda ocasionar [a la parte demandante] y de las costas de apelación". 32 LPRA sec. 2832. La fianza también se dirige a "los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación". <u>Crespo Quiñones v. Santiago Velázquez</u>, *supra*, págs. 413-414. "Lo anterior aconseja que

sea el Tribunal de Primera Instancia el foro que fije la fianza, **como paso previo y jurisdiccional a la radicación del recurso de apelación**". (Negrilla suplida). Íd. (citando a Exposición de Motivos de la Ley Núm. 378-2000 (2000 (Parte 2) Leyes de Puerto Rico 2082)).

En esa línea, el Artículo 630 del Código de Enjuiciamiento Civil estatuye que es el deber del Tribunal de Primera Instancia fijar la fianza en apelación, puesto que es ante este foro que se "desfila la prueba necesaria para evaluar de forma más completa y precisa el posible daño que se busca cubrir". ATPR v. SLG Volmar-Mathieu, *supra*, pág. 12. Véase Exposición de Motivos de la Ley Núm. 378-2000 (2000 (Parte 2) Leyes de Puerto Rico 2082). Así, el recurso de apelación solo se perfecciona si la parte demandada presta la fianza por el monto que fije el foro primario, dentro del término de cinco (5) días que establece el Artículo 629 del Código de Enjuiciamiento Civil. Íd., pág. 10; Crespo Quiñones v. Santiago Velázquez, *supra*, pág. 414.

Ahora bien, cuando la acción de desahucio se fundamente en la falta de pago de las cantidades convenidas, la parte apelante puede: (1) otorgar la fianza, o (2) consignar en la Secretaría del Tribunal de Primera Instancia el importe de la deuda hasta la fecha de la sentencia. 32 LPRA sec. 2832. Asimismo, el Artículo 631 del Código de Enjuiciamiento Civil dispone que cuando la acción de desahucio se fundamente en la falta de pago, "será deber [de la parte demandada] **consignar en la Secretaría del Tribunal de Primera Instancia el importe**

**de todos y cada uno de los cánones de arrendamiento que vayan venciendo** u otorgar fianza, a satisfacción del tribunal, **para responder del importe de todos y cada uno de dichos arrendamientos**". (Negrilla suplida). 32 LPRA sec. 2835. En el caso que la parte demandada no preste la fianza ni consigne los cánones adeudados, el Tribunal de Apelaciones no podrá adquirir jurisdicción, por lo que no podrá atender un recurso de apelación. Crespo Quiñones v. Santiago Velázquez, *supra*, pág. 414.

Aunque la prestación de fianza es un requisito jurisdiccional, hemos reconocido como excepción los casos en que el Tribunal de Primera Instancia declara a la parte demandada insolvente. Bucaré Management v. Arriaga García, 125 DPR 153, 158-159 (1990). A esos efectos, la parte demandada insolvente estará exenta de otorgar la fianza, puesto que "su condición económica le impide cumplir con ese requisito. Esto, de conformidad con el interés del Estado en garantizar el acceso a los tribunales". ATPR v. SLG Volmar-Mathieu, *supra*, pág. 12. Véase, además, Crespo Quiñones v. Santiago Velázquez, *supra*. Esto, ya que el requisito de prestar una fianza en apelación

> es jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago. La razón es obvia: la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación. ATPR v. SLG Volmar-Mathieu, *supra*, pág. 12; Crespo Quiñones v. Santiago Velázquez, *supra*, págs. 413-414; Blanes v. Valldejuli, 73 DPR 2, 5 (1952).

**III**

A modo de repaso, la señora Markovic presentó esta acción de desahucio sumario en contra de los inquilinos ya que estos

no desalojaron la propiedad arrendada e incumplieron con el pago de los cánones adeudados. En respuesta, los inquilinos sostuvieron que el contrato de arrendamiento incluyó un derecho de opción a compra a su favor y que la señora Markovic incumplió su obligación contractual de venderles la propiedad. Ante su planteamiento sobre incumplimiento contractual, estos solicitaron la conversión del procedimiento a la vía ordinaria. El foro primario **concedió su petitorio.**

Luego de otras incidencias procesales, el foro primario dictaminó que los inquilinos no ejercieron de manera oportuna su derecho de opción de compra. Además, decretó que, mediante la presentación de la acción de desahucio, la señora Markovic notificó a los inquilinos su voluntad de resolver el contrato. Por lo tanto, el foro primario determinó que procedía el desalojo de la propiedad.

Insatisfechos, los inquilinos acudieron ante el Tribunal de Apelaciones y arguyeron que el foro primario erró en su interpretación del contrato. No obstante, el foro apelativo intermedio desestimó el recurso de apelación por falta de jurisdicción. En lo pertinente, **expuso que se presentó el recurso de forma prematura, puesto que el foro de instancia no fijó la fianza en apelación ni avaló la exención del pago de esta.**

En desacuerdo, el señor Meldon y la señora Fitzgerald comparecen ante este Tribunal y alegan que no procedía la prestación de la fianza en apelación en un proceso de

desahucio ordinario, pues solo se requiere en el procedimiento de desahucio sumario. Por otro lado, la señora Markovic argumenta que el Artículo 630 del Código de Enjuiciamiento Civil, *supra*, exige la prestación de la fianza en todo caso de desahucio. En este contexto, nos corresponde determinar de manera contundente si procede fijar una fianza en apelación en casos de desahucio ordinario, tal como se exige en casos de desahucio sumario.

Este Tribunal ha mantenido íntegro el carácter sumario que define el procedimiento del desahucio, Turabo Ltd. Partnership v. Velardo Ortiz, *supra*, pág. 235, el cual se rige por los Artículos 620-634 del Código de Enjuiciamiento Civil, *supra*. No obstante, también hemos reconocido que, en algunos casos, la naturaleza sumaria del proceso se torna inapropiada. Por ello, hemos provisto un remedio para tramitar un procedimiento de desahucio por la vía ordinaria cuando se acumulan otras reclamaciones o defensas afirmativas. Empero, la necesidad ocasional de convertir el pleito en uno ordinario "no puede llevarnos a configurar una regla automática". Turabo Ltd. Partnership v. Velardo Ortiz, *supra*, pág. 241. Es decir, le corresponde al juzgador auscultar los méritos de las defensas levantadas y de los hechos del caso para entonces ordenar, a su discreción, la conversión del procedimiento a uno ordinario. Íd., págs. 245-246.

Por otro lado, el Código de Enjuiciamiento Civil establece que procede la prestación de una fianza cuando una

parte apela el dictamen en un procedimiento de desahucio. Como mencionamos anteriormente, el Artículo 629 del Código de Enjuiciamiento Civil, *supra*, establece un término jurisdiccional para que la parte perjudicada presente su recurso de apelación. Este término no empieza a transcurrir hasta que el foro primario establezca la cuantía a prestarse en la fianza o, en la alternativa, exima a la parte de su pago.

A pesar de que el texto del artículo que rige la fianza en apelación se refiere al desahucio de manera general, este se encuentra contenido en una sección del Código de Enjuiciamiento Civil que regula el desahucio sumario, por lo que, en la práctica, la fianza siempre se ha exigido en este último tipo de desahucio. Ahora bien, en <u>Blanes v. Valldejuli</u>, *supra*, <u>Crespo Quiñones v. Santiago Velázquez</u>, *supra*, y en <u>ATPR v. SLG Volmar-Mathieu</u>, *supra*, este Tribunal determinó que **"prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago"**. (Negrilla suplida). Aunque en estas tres determinaciones sobre el carácter jurisdiccional de la fianza en apelación los procesos eran sumarios, un análisis de los intereses que se pretenden salvaguardar exige otra mirada al alcance de nuestros pronunciamientos.

En este caso, el Tribunal de Primera Instancia no fijó una fianza ni eximió a los inquilinos del pago de esta.[3] A

---

[3] Cabe señalar que en los casos en que el Tribunal de Primera Instancia exima a la parte apelante de prestar la referida fianza, el foro primario deberá emitir una expresión a esos efectos. Lo anterior así, puesto que,

raíz de lo anterior, el Tribunal de Apelaciones falló que no tenía jurisdicción y no atendió la controversia en sus méritos. El Tribunal de Apelaciones se apoyó en nuestros pronunciamientos en <u>Crespo Quiñones v. Santiago Velázquez</u>, *supra*, y determinó que "la prestación de una fianza es un requisito jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago".[4]

La conversión del procedimiento sumario al ordinario extiende los términos aplicables a modo de que el tribunal pueda dilucidar debidamente las reclamaciones adicionales o más complicadas. Según establecimos, en estos supuestos la reclamación se regirá por los términos procesales que surgen de las reglas de la litigación civil ordinaria. No obstante, la aplicabilidad de las Reglas de Procedimiento Civil en el proceso de desahucio ordinario no presupone la inaplicabilidad del Código de Enjuiciamiento Civil. Esto pues el Código de Enjuiciamiento Civil es la fuente de derecho que rige el procedimiento de desahucio. Como bien plantea la señora Markovic en su última comparecencia, la fuente de derecho que rige el procedimiento de desahucio

> sigue siendo el Artículo 630 del Código de Enjuiciamiento Civil [...]. El que el Tribunal de [Primera] Instancia haya tramitado el caso de desahucio adoptando unos periodos y términos más flexibles [...] no elimina las obligaciones y requisitos legales establecidos para un caso de desahucio [...].[5]

---

según señalamos, el término jurisdiccional de cinco (5) días que tiene una parte para presentar un recurso de apelación en casos de desahucio no comienza a transcurrir hasta tanto el Tribunal de Primera Instancia establezca la cuantía de fianza a ser prestada o, en la alternativa, exima a la parte de tener que prestar la misma. Véase <u>ATPR v. SLG Volmar-Mathieu</u>, 196 DPR 5, 15 (2016).

[4] Caso núm. KLAN202400092.

[5] *Moción de la Recurrida mostrando causa para que no se expida el Certiorari*, págs. 6-7. (Subrayado eliminado).

Además, según establece el Código de Enjuiciamiento Civil, la fianza en apelación no existe para meramente garantizar los pagos o cánones adeudados, aunque esta garantía es importante. La fianza en apelación también responde por "los daños y perjuicios que pueda ocasionar [a la parte quien reclama acceso a la propiedad] y de las costas de apelación". 32 LPRA sec. 2832. Al analizar esta disposición, este Tribunal determinó que la fianza responde por **"los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación"**. (Negrilla suplida). Crespo Quiñones v. Santiago Velázquez, *supra*, págs. 413-414. Entiéndase, la fianza en apelación tiene un propósito dual, a saber: (1) garantizar los pagos o cánones adeudados, y (2) responder por los daños que resulten de congelar el uso de la propiedad mientras se dilucida la apelación.

La conversión de un pleito al trámite ordinario permite alargar los términos procesales por lo que elimina el carácter expedito que exige el proceso sumario. Esto, a su vez, mantiene congelado el uso de la propiedad por un periodo de tiempo más extenso de lo que lo estaría en un procedimiento sumario, e incrementa la probabilidad de daños. En consecuencia, el propósito de la fianza subsiste, y posiblemente se acrecienta, cuando el proceso de desahucio sumario se convierte al trámite ordinario. Resultaría contrario al propósito de la fianza determinar que esta no se debe exigir en un procedimiento de desahucio de carácter

ordinario puesto que los efectos que se buscan remediar mediante su exigencia se exacerban con el paso del tiempo.

Por otro lado, la acción de desahucio de la señora Markovic se basa en la falta de pago de las cantidades convenidas. De manera particular, la señora Markovic presentó su acción de desahucio contra los inquilinos ya que estos continuaron ocupando la propiedad luego de expirar el término convenido en el contrato y dejaron de pagar los cánones de arrendamiento.

Como explicamos anteriormente, en los casos de desahucio por falta de pago el ordenamiento permite a la parte demandada: (1) otorgar la fianza, o (2) consignar en la Secretaría del Tribunal de Primera Instancia el importe de la deuda hasta la fecha de la sentencia. 32 LPRA sec. 2832. Inclusive, el Artículo 631 del Código de Enjuiciamiento Civil, *supra*, dispone que cuando la acción de desahucio se fundamente en la falta de pago, "será deber [de la parte demandada] **consignar en la Secretaría del Tribunal de Primera Instancia el importe de todos y cada uno de los cánones de arrendamiento que vayan venciendo** u otorgar fianza, **a satisfacción del tribunal, para responder del importe de todos y cada uno de dichos arrendamientos**". (Negrilla suplida). 32 LPRA sec. 2835. Le corresponde a la parte demandada prestar la fianza que establezca el Tribunal de Primera Instancia o "perfeccionar su recurso de apelación consignando los cánones adeudados". ATPR v. SLG Volmar-Mathieu, *supra*, n. 8. En el caso que la parte demandada no

preste la fianza ni consigne los cánones adeudados, se le impide al Tribunal de Apelaciones atender el recurso de apelación por falta de jurisdicción. Crespo Quiñones v. Santiago Velázquez, *supra*, pág. 414.

Se desprende del expediente ante nos que los inquilinos consignaron cuatro (4) montos de cuarenta y cinco mil dólares ($45,000) para cubrir los términos de arrendamiento desde 2021 hasta 2024.[6] Para evidenciar lo anterior, estos anejaron una *Moción para el depósito de fondos y notificando apelación* en la que informaron sobre los depósitos previos y consignaron la cantidad que corresponde para el año 2024 mediante cheque de gerente.[7] Dado que los inquilinos consignaron ante el foro de instancia el importe de la deuda, no procedía requerirles el pago de la fianza en apelación. Según expusimos, la consignación de los cánones surte el mismo efecto que la prestación de la fianza pues responde por la totalidad de los cánones de arrendamiento adeudados y protege el interés de la persona quien tiene congelada el uso de su propiedad por el pleito judicial.[8]

Por todo lo anterior, como regla general, corresponde exigir fianza en apelación en casos de desahucio ordinario.

## IV

Por los fundamentos expuestos, se expide el auto de *certiorari*, se revoca el dictamen recurrido y se devuelve el

---

[6] Petición de *certiorari*, págs. 9-10.
[7] Apéndice, págs. 460-464.
[8] A raíz del tiempo transcurrido, los apelantes deben consignar los cánones de arrendamiento vencidos hasta el presente.

caso al Tribunal de Apelaciones para que atienda el recurso de apelación en los méritos.

Se dictará Sentencia de conformidad.


Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ljubinka Markovic

    Recurrida

       v.

                        CC-2024-0273

John J. Meldon y Diana B. Fitzgerald

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 8 de octubre de 2025.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto de *certiorari*, se revoca el dictamen recurrido y se devuelve el caso al Tribunal de Apelaciones para que atienda el recurso de apelación en los méritos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada Rivera Pérez está conforme y hace constar la siguiente expresión:

Estoy conforme con la Opinión que hoy emite este Tribunal. Acertadamente concluye que corresponde exigir la fianza en apelación en todo caso de desahucio, independientemente de la naturaleza sumaria u ordinaria del proceso. Ello obedece a que la fianza en apelación no existe únicamente para responder de los pagos o cánones adeudados, "*sino también [de] los daños resultantes de mantener congelado el libre uso de la propiedad afectada mientras se dilucida la apelación*". *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009). Además, nótese que el resultado del caso es el

correcto pues, al amparo del Artículo 631 del Código de Enjuiciamiento Civil, los inquilinos consignaron ante el foro de instancia el importe de la deuda, por lo que no procedía requerirles el pago de la fianza en apelación. 32 LPRA sec. 2835.

Ahora bien, merece resaltar la Opinión de conformidad que emitió el compañero Juez Asociado señor Martínez Torres en *Acosta et al. v. S.L.G. Ghigliotti*, 186 DPR 984 (2012) (Sentencia con Opinión de conformidad a la cual se unieron el entonces Juez Presidente señor Hernández Denton y los Jueces Asociados señores Kolthoff Caraballo y Estrella Martínez). En aquella ocasión, este Tribunal tuvo la oportunidad de examinar una controversia similar a la que hoy nos ocupa. En concreto, se discutió si procedía un recurso de apelación en un caso de desahucio cuando un demandado no había prestado la fianza en apelación, aun cuando fuera un constructor de buena fe, tuviera derecho a retención y al reembolso de lo pagado.

La Opinión de conformidad adoptó las interpretaciones del Código de Enjuiciamiento Civil español, pues nuestra ley tomó como modelo dicho cuerpo legal. Véase *Más et al. v. Borinquen Sugar Co.*, 18 DPR 304 (1912). Resultan particularmente ilustrativos los comentarios de Manresa sobre las enmiendas a la Ley de Enjuiciamiento Civil española de 1855. Según el tratadista, esa ley tenía el defecto de que, si el demandado no convenía en los hechos, se desviaba el proceso hacia la vía ordinaria. Así, para corregir esa deficiencia, se reformó la ley a los fines de que "no se admitiera al demandado el recurso de apelación, ni el de casación en su caso, si no acreditaba al interponerlo haber satisfecho los plazos vencidos y los que debiera pagar adelantados, según el contrato de arriendo". J.M. Manresa y Navarro, *Comentarios a la Ley de Enjuiciamiento Civil reformada*, 3ra ed., Madrid, España, Imprenta de la Revista de Legislación, 1910, T. VI, pág. 6, citado *en Acosta et al. v. S.L.G. Ghigliotti*, *supra*, pág. 993.

Por su parte, Tasende Calvo comenta sobre el Ley de Enjuiciamiento Civil español de 2000 que, la acreditación del pago de las rentas para recurrir en los procesos de desahucio aplica "a aquellos en los cuales la sentencia estimatoria lleva aparejado el lanzamiento del arrendatario demandando, siendo, en consecuencia, de aplicación en todos los supuestos en los que se

ejercite la acción resolutoria del contrato, con independencia de que la causa invocada sea o no la falta de pago de la renta". J.J. Tasende Calvo, *Algunas cuestiones sobre el recurso de apelación en la Ley de Enjuiciamiento Civil de 2000* (RCL 2000, 34 y RCL 2001, 1892), Actualidad Jurídica Aranzadi Núm. 529, Pamplona, Editorial Aranzadi, 2002 citado en *Acosta v. S.L.G. Ghigliotti*, *supra*, pág. 993.

A través de estas interpretaciones, determinamos que "los requisitos que impone la ley para apelar en los casos de desahucio no hace[n] distinción a si el trámite se llevó a cabo por la vía ordinaria o extraordinaria. Es decir, la prestación de fianza procede siempre que lleve "aparejado el lanzamiento del arrendatario demandado". *Acosta et al. v. S.L.G. Ghigliotti*, *supra*, citando a Tasende Calvo, *op. cit*. Por lo tanto, concluimos que, en nuestra jurisdicción, el legislador no tuvo la intención de diferenciar entre los tipos de desahucios al momento de requerir la fianza; de lo contrario, así lo hubiera establecido. *Acosta et al. v. S.L.G. Ghigliotti*, *supra*. En consecuencia, confirmamos la decisión del Tribunal de Apelaciones, que se declaró sin jurisdicción debido a que el demandando no había prestado la fianza en apelación requerida en los casos de desahucio.

De lo anterior, colegimos que el requisito de prestación de fianza en apelación no admite excepción más allá de la indigencia. *Crespo Quiñones v. Santiago Velázquez*, *supra*. En definitiva, como requisito jurisdiccional, corresponde a los demandados prestar la fianza en apelación en todo caso de desahucio. Lo contrario sería mantener congelado el libre uso de la propiedad, afectando la posesión mientras se prolonga el procedimiento al convertirse en uno de carácter ordinario. Máxime cuando lo que se pretende recobrar a través del desahucio es la posesión y el disfrute de un inmueble. *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226 (1992).

La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo