| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL X | | |
|---|---|---|
| MIGUEL ÁNGEL MÁRQUEZ CAMACHO<br><br>Apelante<br><br>v.<br><br>REBECCA MÁRQUEZ ALEMÁN<br><br>Apelados | TA2025AP00192 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2025CV01798 (407)<br><br>Sobre:<br>DESAHUCIO EN PRECARIO |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de enero de 2026.

El apelante, señor Miguel Ángel Márquez Camacho, solicita que revoquemos la Sentencia en la que el Tribunal de Primera Instancia declaró No Ha Lugar la demanda de desahucio presentada por este en contra de la señora Rebecca Márquez Alemán. A pesar del término concedido a la señora Márquez Alemán, está no compareció a presentar su oposición, por lo que atendemos el recurso sin su comparecencia.

**I**

Los hechos procesales que anteceden a la presentación de este recurso son los siguientes: El señor Miguel Ángel Márquez Camacho, en adelante el apelante o demandante, presentó una demanda de desahucio sumario en precario contra la señora Rebecca Márquez Alemán, quien es su hija, en adelante la apelada o demandada. La demanda incluyó las alegaciones siguientes: El apelante es dueño en pleno dominio de la propiedad ubicada en Carretera # 181 Ramal 852 Km. 1, Hectómetro 4, Dos Bocas, Sector Molina, Trujillo Alto, Puerto Rico, donde existen dos edificaciones destinadas a vivienda familiar. Una de las edificaciones es la residencia del apelante. La apelada tiene

la posesión de la otra edificación. La descripción registral de la propiedad del apelante es:

> Número de Catastro 145-024-112-99-00, Barrio Dos Bocas, Trujillo Alto, cabida 1.136.2563, metros cuadrados. Colinda por el NORTE 29,3019 metros con la Parcela B del plano de inscripción original ñ por el SUR en 310111 metros, con camino público y -o servidumbre de paso que le da acceso a esta y otras parcelas y por el OESTE en 38 3437 metros, con terrenos de Escolástica Torres. Se forma por expediente de dominio, caso 71-3633. Rectificada su cabida según la inscripción 3 y este el Remanente luego de descontada la segregación que surge al margen de la misma Finca 11,289. Demarcación de Trujillo Alto Sección IV de San Juan.[1]

La demanda también incluyó las alegaciones siguientes: El demandante arrendó verbalmente a la demandada la propiedad inmueble antes mencionada, sin costo de renta mensual y mes a mes. La demandada ha ocupado la propiedad más o menos 18 meses. El demandante le ha requerido verbalmente que desocupe la propiedad. La demandada le ha hecho caso omiso y ha destruido la propiedad y roto las tuberías de agua. Por esa razón, ninguna de las partes ha tenido servicio de agua por casi 10 meses. La demandada abandonó la propiedad hace más de 8 meses, pero permanecen su mudanza, pertenencias y 5 perros. La propiedad no está arrendada, ni subsidiada por ningún programa del Departamento de Vivienda. El demandante y titular desea recuperar la posesión de la propiedad. La demandada tiene la posesión en precario, debido a la ausencia de titularidad y de un contrato de arrendamiento a término fijo entre las partes.[2]

Conforme el proceso, el TPI realizó una vista de desahucio. Las partes comparecieron en compañía de sus respectivos abogados. El demandante presentó la siguiente prueba: (1) la escritura de Donación núm. 13 de 15 de diciembre de 2011, (2) la Certificación Registral de la finca núm. 32,074 y (3) la Certificación Registral de la finca 11,289.[3] Ambas partes presentaron sus testimonios. Así las cosas, el foro

---

[1] Véase alegaciones de la Demanda. Sistema Unificado de Manejo y Administración de Casos (SUMAC) entrada número 1 en el Tribunal de Primera Instancia (TPI).
[2] Id.
[3] Véase SUMAC TPI, entrada número 25 y el correspondiente Anejo.

apelado determinó probados los hechos a continuación. Las partes son padre e hija. El demandante es dueño en pleno dominio de la propiedad descrita en el Registro de la Propiedad como Rústica, ubicada en el Barrio Dos Bocas de Trujillo Alto, Cabida 1,136.2563 metros cuadrados. Colinda por el NORTE 29.3019 metros con la Parcela B del plano de inscripción original; por el SUR en 31.0111 metros con camino público y/o servidumbre de paso que le da acceso a esta y a otras parcelas y por el OESTE en 38.3437 metros con terrenos de Escolástica Torres. Se forma por expediente de dominio caso 71-3633 Rectificada su cabida según la inscripción 3 y este el Remanente luego de descontada la segregación que surge al margen de esta. Finca 11,289. Demarcación de Trujillo Alto Sección IV de San Juan, Número de Catastro 145-024-112-99-00.[4]

Según consta en la sentencia recurrida, el 15 de diciembre de 2011 el demandante otorgó la Escritura de Donación núm. 13 ante la notaria Doraly Rivera González, mediante la que cedió a la demandada el fundo descrito como:

> Rústica Solar marcado con la letra A del plano de inscripción aprobado por la Administración de Reglamentos y Permisos el 28 de julio de 1988, radicado en el Bo Dos Bocas de Trujillo Alto Puerto Rico compuesto de (946.5559 m.c). colinda por el Norte en treinta y ocho puntos cincuenta y siete cero uno metros (38.5701m) con camino público y o servidumbre de paso que da acceso a esta y otras parcelas, por el SUR, en treinta y nueve punto sesenta ochenta y nueve metros (39.6089m) con camino público y o servidumbre de paso que la separa de terrenos de Gabriel González Couvertier por el ESTE en veintidós punto cuarenta y tres cero cero metros (22.4300 m) con camino público y/o servidumbre de paso que la separa de la Parcela "C" del plano de inscripción original; por el Oeste con el remanente de la parcela segregada perteneciente al Sr. Germán Rosario de Jesús. Enclava una residencia.

El TPI reconoció que el demandante donó a la demandada un terreno. No obstante, aclaró que en ese terreno estaba enclavada una propiedad distinta a la que es objeto de la demanda. El foro recurrido no pudo colegir la inexistencia de un conflicto de título, debido a las

---

[4] Véase Sentencia, entrada número 19 ante el TPI.

contradicciones en las que incurrió el demandante. Advirtió que el demandante alegó en la demanda que otorgó un contrato verbal con la demandada hace aproximadamente dieciocho meses, mediante el que le permitió vivir en la propiedad en controversia. Sin embargo, declaró que permitió a la demandada vivir en la propiedad antes de otorgar la escritura de donación. No obstante, no recordó si la propiedad ya había sido edificada o se encontraba en proceso de edificación para la fecha de la donación.

Según el TPI, la demandada controvirtió la titularidad porque esbozó que; (1) residía en la propiedad en controversia, (2) tiene control de la propiedad desde el año 2013, (3) una parte de la propiedad se encuentra dentro del terreno donado y otra en el de su padre y (3) ambas partes costearon su construcción. El foro primario concluyó que el demandante no cumplió con el peso de probar su titularidad, debido a que su testimonio fue impreciso y contradictorio con lo que alegó en la demanda. Según el TPI, el demandante ni siquiera pudo identificar la propiedad en controversia con exactitud. Como consecuencia declaró no ha lugar la demanda de desahucio.

Inconforme el apelante presentó este recurso en el que alega un único señalamiento de error, este es que;

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA PRESENTE DEMANDA DE DESAHUCIO EN PRECARIO FUNDAMENTANDO SU DECISION A BASE DE SU DETERMINACION QUE EL DEMANDANTE NO IDENTIFICO LA PROPIEDAD OBJETO DEL DESAHUCIO, ELEMENTO NECESARIO PARA OTORGAR LA POSESION Y QUE EXISTE UN CONFLICTO DE TITULO.

## II

### DEFERENCIA A LA APRECIACIÓN DE LA PRUEBA DEL

### FORO PRIMARIO

La tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o jueza a la

prueba presentada incluyendo el comportamiento del testigo cuando ofrecen su testimonio. La deferencia judicial está predicada en que los jueces y las juezas de instancia están en mejor posición para aquilatar la prueba testifical, porque tiene la oportunidad de oír, ver y apreciar el comportamiento de los testigos. *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778-779 (2022). Los foros apelativos no interferiremos con el ejercicio de las facultades discreciones que realizan los tribunales de instancia, a menos de que se demuestre perjuicio, parcialidad, un craso abuso de discreción o equivocación en la interpretación o aplicación de la ley. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846(2022).

## EL DESAHUCIO

El desahucio es la acción especial sumaria disponible para que el propietario de un inmueble arrendado pueda recobrar judicialmente su posesión. La acción de desahucio responde al interés gubernamental de atender de manera prioritaria la reivindicación de la posesión y el disfrute de un inmueble. Los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, rigen el trámite del desahucio. El legislador manifestó en estos artículos el interés del Estado de atender expeditamente la reclamación del dueño de un inmueble. El alcance de las controversias que pueden ventilarse mediante el desahucio sumario es limitado, porque únicamente se persigue recuperar recobrar la posesión del inmueble. Los conflictos de título no pueden dilucidarse en un procedimiento de desahucio. El Tribunal Supremo de Puerto Rico ha advertido, que existe un conflicto de título, cuando la demandada presenta prueba suficiente para demostrar su derecho a ocupar la propiedad y que su título es tan bueno o mejor que el del demandante. La acción sumaria debe limitarse a la concurrencia o consolidación de otras acciones o defensas. La parte demandada que presenta defensas afirmativas puede solicitar que el desahucio se convierta en ordinario. El procedimiento podrá se tramitará conforme a las reglas de litigación ordinarias, si no causa

dilaciones innecesarias y la demandada demuestra un caso prima facie a su favor. *Markovic v. Meldon,* 2025 TSPR 99.

**III**

La controversia se reduce a determinar si el TPI erró al declarar no ha lugar la demanda de desahucio. El foro apelado no cometió el error señalado. La demanda no procede porque el apelante no probó que es el titular de la residencia objeto del desahucio. Su representación legal presentó una Certificación Registral, no obstante, en la certificación no consta que la residencia objeto del desalojo está construida en la propiedad del apelante. El señor Márquez dijo que construyó la residencia dentro de su propiedad, pero reconoció que no hizo una Acta de Edificación. Tampoco pudo contestar si la estructura en controversia constaba en los documentos que presentó su abogado. El apelante dijo que la estructura objeto del desahucio constaba en el plano de su propiedad. Sin embargo, se le preguntó si su abogado presentó el plano y contestó que no había visto nada.[5]

El testimonio del apelante y las alegaciones de la demanda tienen contradicciones. El apelante declaró que permitió a la apelada vivir en la residencia objeto del desahucio, en lo que se hacia la escritura de donación.[6] No obstante, se contradijo porque reconoció que la estructura en controversia no estaba lista para la fecha en que se otorgó dicha escritura.[7] Por otro lado, alegó que otorgó un contrato verbal con la apelada, mediante el que le permitió vivir en la residencia, sin pagar renta y mes a mes. Además, alegó que la apelada ha ocupado la propiedad durante dieciocho meses y que la abandonó hace ocho meses, pero mantiene su mudanza. Las alegaciones de la demanda confligen con su testimonio. El apelante declaró que permitió a la apelada vivir en la propiedad antes de otorgar la escritura de donación

---

[5] Páginas 3 a 38 de la Transcripción de la Prueba Oral, Anejo entrada número 4 Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el TA.
[6] Id, página 17 TPO.
[7] Id, página 30 TPO.

en el mes de diciembre del año 2011 y no hace dieciocho meses. La demanda tampoco incluyó alegaciones sobre hechos esenciales, porque no especificó en qué momento la posesión de la apelada se convirtió en ilegal y desde cuando le requirió que la desocupara.

Por su parte, la apelada creo dudas sobre la ubicación y titularidad de la estructura objeto del desalojo. Según su testimonio, la estructura en cuestión está dentro del terreno que le donó el apelante y la vive hace catorce años. La señora Márquez declaró que comenzó su construcción en el año 2013 y la terminó en el 2014. La apelada explicó que nunca vivió en la casa que le donó su padre, porque él siempre la tuvo alquilada. Además, declaró que construyó su residencia con la ayuda de su madre y su padrastro. No obstante, reconoció que el apelante la ayudó económicamente con la construcción. La apelada identificó su residencia, como la pequeña ubicada en el terreno que le donó su padre. Según su testimonio, la residencia que le donó el apelante y la que viven está divididas por un muro. Además, identificó otro muro que divide su propiedad de la del apelante. La apelada explicó que el apelante le restó cabida al terreno que le donó para hacer su entrada.[8] Durante la vista, se evidenció que los servicios de electricidad y agua de la casa pequeña estaban a su nombre. La apelada explicó que los servicios estaban a su nombre porque presentó las escrituras.[9] Por último, fue interrogada con documentos del CRIM de la propiedad cuyo Catastro es 14502411237000. La apelada identificó dos residencias en los documentos y dijo que vivía en la pequeña.[10]

El apelante no puede recuperar la posesión de la propiedad en controversia porque no ha podido establecer que es el titular. Ni siquiera ha podido identificarla, ya que presentó una certificación registral en la que no consta su existencia. Su testimonio

---

[8] Id, páginas 41 a 43 de la TPO.
[9] Id, página 43 de la TPO.
[10] Id, páginas 46 a 47 de la TPO.

contradictorio, la evidencia documental y el testimonio incontrovertido de la apelada, generaron incertidumbre sobre la titularidad. La existencia de controversia sobre la titularidad de la residencia objeto del desahucio, imposibilita la adjudicación sumaria de esa causa de acción a su favor.

**IV**

Por las razones antes expresadas, se confirma la Sentencia recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones