| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL X | | |
| ONLINE MARKET RESEARCH, INC.<br><br>APELADA<br><br>V.<br><br>MARIBEL SANTIAGO RIVERA<br><br>APELANTE | TA2026AP00114 | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV10560<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

*Grana Martínez, Jueza Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2026.

La apelante, señora Maribel Santiago Rivera, solicita que revoquemos la sentencia de desahucio sumario que el Tribunal de Primera Instancia dictó en su contra. La apelada, Online Market Research, Inc. presentó su oposición al recurso. Contando con el beneficio de los alegatos de ambas partes, así como los alegatos suplementarios y la transcripción de la prueba enmendada, resolvemos.

### I

### Hechos

La parte apelada presentó una demanda de desahucio sumario contra la apelante.[1] La demanda incluyó las alegaciones siguientes. Online Market Research, Inc. es la dueña de la propiedad descrita en la demanda. La apelada compró la propiedad a la apelante mediante la escritura de compraventa núm. 221, otorgada el 22 de octubre de 2020 ante el notario público Julio E Pijem Berrios. La apelante accedió a vender y a financiar a la apelada el local comercial identificado como # 1 A del Condominio Borinquen Towers II por ciento veinte mil dólares

---

[1] Entrada núm. 1, Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el Tribunal de Primera Instancia (TPI).

($120,000.00). El precio fue establecido en una opinión del tasador Luis F Delgado Robles. La apelada toleró y permitió de buena fe que la apelante continuara utilizando parte del local. La apelante trabajaría sola y su ocupación iba a ser limitada y temporal. La apelada confió en que la apelante mantendría un uso personal, sin pretensión de cesión, arrendamiento o traspaso del derecho de posesión. No obstante, la apelante alteró unilateralmente las condiciones para permanecer en el local, porque introdujo personas ajenas y realizó modificaciones sin la autorización de la apelada.

Otras alegaciones de la demanda son las siguientes. Durante el mes de enero de 2025, la apelante decidió unilateral e infundadamente dejar sin efecto la compraventa, para perpetuar su ocupación precaria y obstaculizar el uso legítimo de la apelada. Aunque la apelada le hizo varias propuestas para evitar el litigio, la apelante ignoró todos sus esfuerzos para poner fin a la situación. La apelada le notificó por escrito su intención de vender la propiedad, y le concedió la primera opción. Los compradores potenciales desistieron de la compra, debido a la interferencia torticera de la apelante. La representación legal de la apelada le envió una comunicación formal para que (1) adquiriera la propiedad o (2) suscribiera un contrato de arrendamiento o (3) desalojara voluntariamente la propiedad en el término de 60 días.

La apelante negó las alegaciones en su contra y presentó una reconvención.[2] Sus alegaciones fueron las siguientes. Ambas partes acordaron, previo a la compraventa, que la apelante mantendría la operación de su negocio en el primer piso del local y que el señor González establecería su oficina en el segundo piso. El acuerdo tendría una vigencia de quince años, el mismo término que la apelada tenía para pagar la deuda. La apelante estableció con condición esencial, la permanencia de su negocio sin restricciones, debido a su edad y a que no

---

[2] Entrada núm. 3, SUMAC, ante el TPI.

estaba en condiciones de moverse a otro lugar. Como parte del acuerdo, la apelante no requirió a la apelada el pago de intereses, debido a sus lazos de amistad con González. A principios del 2025, el señor González comenzó a forzarla para que se fuera del local. No obstante, el 15 de enero de 2025 admitió en un mensaje que existía un acuerdo en el que consintió a que la apelante continuara operando su negocio y sin pagar renta. La apelante solicitó en la reconvención la anulación del contrato, debido al incumplimiento de la apelada. La corporación apelada se opuso a la reconvención. Posteriormente, la apelante solicitó la conversión del caso al proceso ordinario. La apelada se opuso porque la apelante no era propietaria ni tenía un contrato de arrendamiento que le diera derecho a permanecer en la propiedad.

EL TPI realizó una vista y declaró ha lugar la demanda de desahucio sumario.[3] El foro apelado determinó los hechos a continuación. La apelada es la dueña del local objeto del desahucio. Online Market Research, Inc., adquirió la propiedad mediante escritura pública otorgada ante notario el 22 de octubre de 2020. La apelante vendió la propiedad a la apelada por ciento veinte mil dólares ($120,000.00), pagaderos en plazos mensuales de seiscientos setenta y cinco dólares ($675.00), durante quince años y sin intereses. Las partes mantenían una relación familiar y comercial de muchos años. La apelante vendió la propiedad y aceptó el esquema de financiamiento, para tener ingresos para su retiro. La escritura de compraventa no estableció el término específico en que la apelante continuaría ocupando la propiedad. La apelada permitió a la apelante continuar operando su salón de estilismo gratuitamente. La apelante informó a la apelada que deseaba dejar sin efecto el contrato de compraventa, debido a las desavenencias ocurridas a principio del 2025. La apelada solicitó a la apelante que desalojara la propiedad, debido al deterioro de su relación.

---

[3] Entrada núm. 23, SUMAC ante el TPI.

El foro apelado concluyó que la apelante ocupaba la propiedad sin tener derecho a poseerla. Según el TPI, las partes no acordaron el término en el que la apelante podía continuar ocupando el local para su negocio. Sin embargo, dio por hecho que la apelante ocupaba la propiedad, debido al consentimiento y tolerancia de la apelada. Por eso resolvió, que la apelante no tenía derecho alguno a continuar ocupando el local de la apelada. El 28 de enero 2026, el foro primario declaró CON LUGAR la demanda de desahucio y ordenó a la apelante el desalojo del inmueble.

Inconforme la apelante, presentó este recurso en el que alega que:

Erró el TPI al concluir que la parte Demandada-Apelante está ocupando una propiedad a la que no tiene derecho poseer, ya que las partes no acordaron un término específico en el que la parte Demandada–Apelante continuara ocupando el local para su negocio de estilismo y que su ocupación se debió a la tolerancia y consentimiento de la parte Demandante-Apelada.

Erró el TPI al no convertir el procedimiento sumario de desahucio a uno ordinario, mediante el cual la Demandada-Apelante pudiera descubrir la evidencia necesaria para presentar su caso y demostrar el contenido del acuerdo verbal que justificaba la posesión del local.

## II

### DEFERENCIA A LA APRECIACIÓN DE LA PRUEBA DEL TPI

El Tribunal Supremo de Puerto Rico ha establecido la norma de deferencia a la apreciación de la prueba de los foros de instancia, en el procedimiento civil y el criminal. Los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad ni las determinaciones de hechos de los foros de instancia. La norma de la deferencia únicamente cede, cuando se demuestra que el juzgador de instancia actuó por pasión, prejuicio o parcialidad o incurrió en un error manifiesto. La determinación sobre si el juez de instancia incurrió en alguna de esas conductas, requiere que analicemos si cumplió su función adjudicativa de manera imparcial. La pasión, prejuicio o parcialidad son inclinaciones personales tan intensas que llevan al juzgador a adoptar posiciones de preferencia o rechazo sobre las

partes o sus causas. El juzgador en esas circunstancias no admite cuestionamientos sin importar la prueba presentada. Por su parte, el error manifiesto ocurre (1) cuando el tribunal de apelaciones analiza la totalidad de la prueba y se convence de que el foro primario cometió un error, a pesar de existir evidencia para sostener sus conclusiones de hechos, (2) las conclusiones del foro primario son claramente erróneas, porque están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, (3) la apreciación de la prueba se distancia de la realidad fáctica y es imposible de creer y (4) cuando el tribunal descansa exclusivamente en una parte de la prueba a pesar de que existe otra prueba que la contradiga. *Pueblo v. Negrón Ramirez,* 213 DPR 895, 912 (2024); *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 792-794 (2020).

Por último, los foros apelativos también podemos intervenir con la apreciación de la prueba del foro primario, si ha incurrido en abuso de discreción. Un juez abusa de su discreción cuando (1) ignora sin fundamento algún hecho material importante que no podrá pasar por alto, (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Pueblo v. Negrón Ramirez*, supra, págs. 912-913.

## EL DESAHUCIO

El desahucio es el remedio que tiene disponible el propietario de un inmueble arrendado para recobrar judicialmente su propiedad. Su trámite se rige por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. El desahucio sumario responde al interés del Estado en resolver de forma expedita la reclamación del dueño del inmueble. No obstante, el alcance de las controversias que pueden resolverse mediante el desahucio sumario es limitado, porque su

único propósito es que el propietario recobre la posesión. Los conflictos de titularidad no tienen cabida en el procedimiento de desahucio sumario. Tales conflictos existen cuando el demandado aporta prueba suficiente tendente a demostrar que (1) tiene derecho a ocupar el inmueble en controversia y (2) su título es tan bueno o mejor que el del demandante. El Tribunal Supremo de Puerto Rico ha reiterado que la concurrencia o consolidación de otras acciones o defensas debe estar limitada en la acción sumaria. *Markovic v. Meldon y otro,* 2025 TSPR 99, 216 DPR ____ (2025). La parte demandada puede solicitar que el procedimiento sumario se convierta en ordinario, siempre que establezca un caso prima facie en su defensa y presente otras defensas afirmativas relacionadas con la acción de desahucio. La reclamación en esos casos estará sujeta a las reglas de litigación civil ordinaria y excluida del procedimiento sumario de y sus restringidos plazos y condiciones. *Markovic v. Meldon y otro,* supra; *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 10 (2016). El juzgador tiene discreción para convertir el procedimiento en uno ordinario. No obstante, su poder discrecional, requiere que ausculte en sus méritos las defensas y los hechos específicos aducidos por la demandada. *Turabo Limited Partnership v. Velardo Ortiz et. al,* 130 DPR 226, 245-246 (1992).

### III

La apelante alega que el TPI erró al (1) concluir que no tenía un derecho posesorio y (2) no convertir el procedimiento de desahucio en ordinario y privarla de la oportunidad de descubrir prueba para demostrar el contenido del contrato verbal que otorgó con el apelado. Su representación legal sostiene que el TPI autorizó el desahucio sumario exclusivamente, porque el señor González declaró que la apelante no tenía un derecho contractual posesorio, ya que simplemente la toleró en la posesión. La apelante resta credibilidad a ese testimonio y alega que su derecho posesorio emana de un acuerdo verbal en el que eximió al

apelado del pago de intereses, a cambio de que ella permanecería en su negocio sin pagar rentas durante los quince años de la hipoteca.

La apelada negó que haya concedido verbalmente o por escrito a la apelante el derecho a permanecer en la propiedad sin pagar rentas, durante quince años. No obstante, alega que le permitió continuar en el inmueble por mera tolerancia.

La controversia se reduce a determinar si el TPI ordenó correctamente el desahucio sumario de la apelante o debió convertir el proceso a uno ordinario y permitir el descubrimiento de prueba.

La representación legal de la apelante tiene razón. El TPI abusó de su discreción. El desahucio sumario no procede porque, existe prueba suficiente tendente a demostrar el derecho de la apelante a ocupar y poseer el inmueble en controversia. El TPI fundamentó el desalojo sumario exclusivamente en que el señor González declaró que la apelante permanecía en la propiedad, debido a su benevolencia. No obstante, no consideró las defensas afirmativas que presentó la apelante, ni su testimonio ni otras partes del testimonio del señor González. Como tampoco consideró la prueba documental. El foro primario debió convertir el procedimiento de desahucio en ordinario y permitir el descubrimiento de prueba, porque la apelante estableció un caso prima facie en su defensa.

Las partes están de acuerdo en que no existe un acuerdo escrito que confiera a la apelante el derecho a permanecer en el inmueble durante quince años y sin pagar renta.[4] La apelante declaró que le condonó a la apelada el pago de intereses porque quería asegurar su permanencia en la propiedad durante quince años. Según la apelante ese fue el acuerdo al que llegó con la apelada.[5] Fue cuestionada sobre, por

---

[4] Entrada núm. 17, SUMAC ante el Tribunal de Apelaciones (TA), pág. 106, línea 14, transcripción del testimonio de la apelante y pág. 29, línea 2 del testimonio del señor González.

[5] Entrada núm. 17, SUMAC ante el TA, pág. 91, líneas 16-18, pág. 91, líneas 18-19, pág. 93, líneas 24-25 y pág. 96, líneas 21-24 del testimonio de la apelante.

qué no lo hizo constar por escrito. La apelante contestó que el señor González era su primo y su familia y cuando le solicitó que pusieran el acuerdo por escrito, le contestó después.[6]

La señora Santiago Rivera prestó una declaración jurada en la que consta que:

(1) vendió al apelado la propiedad con la condición de que podía seguir utilizando el primer piso donde está su salón de belleza durante 15 años, en lo que la corporación saldaba la deuda,

(2) vendió la propiedad mediante pagos mensuales sin intereses,

(3) a cambio de dicho acuerdo continuaría operando su salón de belleza en el primer piso del local, sin limitación o restricción alguna y el apelado ocuparía el segundo piso,

(4) a principios del 2025, el señor González comenzó a realizar actos para forzarla a irse de la propiedad,

(5) el 15 de enero de 2025, envió un mensaje de texto al señor González informándole que quería devolverle el dinero que le había pagado debido a su incumplimiento con el acuerdo verbal,

(6) el señor González admitió en un mensaje de texto que acordaron que ella permanecería operando su negocio en el primer piso sin pagar renta y que solo tenía que pagar las utilidades, las cuotas de mantenimiento y el seguro.[7]

El señor González también reconoció la existencia de un acuerdo oral con la apelante.[8] Según su testimonio (1) tenía un acuerdo oral con

---

[6] Entrada núm. 17, SUMAC ante el TA, pág. 100, líneas 2-14, del testimonio de la apelante.
[7] Entrada núm. 12, SUMAC ante el TPI, anejo 2.
[8] Entrada núm. 17, SUMAC ante el TA, pág. 55, líneas 22-23, del testimonio del apelado.

la apelante que no constaba en las escrituras,[9] (2) permitió a la apelante ocupar la propiedad hasta su retiro a pesar de que no había nada escrito[10] (3) no tiene certeza sobre la fecha de retiro de la apelante.[11]

Por último, el expediente contiene el mensaje que el señor González envió a la apelante.[12] El señor González reconoció (1) la existencia de un acuerdo verbal que no constaba en las escrituras, (2) que la apelante ocupaba la parte baja de la propiedad sin pagar rentas y que (3) la comunicación que le envió la apelante era una renuncia a ese acuerdo.

Sin lugar a duda, el TPI cometió el segundo señalamiento de error. Los testimonios de las partes y la prueba documental evidencian la necesidad de convertir el proceso en ordinario para que la apelante pueda descubrir sobre el acuerdo verbal en el que fundamenta su derecho posesorio y de permanencia en el inmueble. La apelante cuestiona en el primer señalamiento la credibilidad del señor González. No obstante, ese asunto no corresponde ser atendido en este momento, puesto que el caso será ventilado mediante el proceso ordinario.

### IV

Por los fundamentos antes esbozados, se revoca el desahucio sumario, se ordena la tramitación del caso por la vía ordinaria y el descubrimiento de prueba.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica su secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Entrada núm. 17, SUMAC ante el TA, pág. 32, líneas 22-25, del testimonio del apelado.
[10] Entrada núm. 17, SUMAC ante el TA, pág. 33, líneas 6.14 del testimonio del apelado.
[11] Entrada núm. 17, SUMAC ante el TA, pág. 59, líneas 1012, del testimonio del apelado.
[12] Entrada núm. 20, SUMAC ante el TPI.