Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **DANIEL RIVERA COLÓN**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurridos | **TA2025RA00344** | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: **Servicios Médicos**<br><br>**B-982-25** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Comparece ante nos Daniel Rivera Colón, en adelante, Rivera Colón o recurrente, solicitando que revisemos la contestación a su Solicitud de Remedio Administrativo, alegadamente recibida el 1 de agosto de 2025.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso por falta de jurisdicción.

**I.**

Antes de exponer la reseña de los hechos de este petitorio, deseamos señalar que la misma surge de lo alegado en el recurso de revisión administrativa. Los eventos y sus fechas no pudieron ser constatados por este Tribunal, ya que el recurrente no anejó documentos.

Surge del recurso de marras, que Rivera Colón se encuentra confinado en el Complejo Correccional de Bayamón, Institución 501. Aduce el recurrente que, el 25 de junio de 2025, presentó ante la División de Remedios Administrativos del Departamento de

Corrección la solicitud B-982-25, relacionada a servicios médicos. En su escrito indico que interesaba los resultados de un alegado sonograma de corazón que le fue realizado.

Alega Rivera Colón que el 1 de agosto de 2025 recibió una contestación, en la que se le instruyó que los resultados se encontraban archivados en su expediente médico. Inconforme con dicha contestación, solicitó una reconsideración el 4 de agosto de 2025, la cual fue acogida por la División de Remedios Administrativos el *25 de agosto de 2025*.

Así las cosas, según el recurso de autos, el *30 de septiembre de 2025* se confirmó la respuesta recurrida. Inconforme con esto, el recurrente envió el presente recurso de revisión administrativa a este Foro, mediante correo postal, el *29 de octubre de 2025*. En el mismo, nos solicita que ordenemos a la División de Remedios Administrativos que le provea los resultados de su sonograma cardiovascular.

Al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia del recurrido, y procedemos a expresarnos.

## II.

### A. Jurisdicción

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tienen ante sí. *Mun. Río Grande v. Adq. Finca et al*, 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *Mun. Aguada v. W. Const. y Recovery Finance*, 214 DPR 432, 448 (2024); *R & B Power Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348, 354 (2023); *FCPR v. ELA et al.,*

211 DPR 521, 529 (2023); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions, LCC v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Markovic v. Meldon y otro*, 2025 TSPR 99, 216 DPR ___ (2025); *Mun. Río Grande v. Adq. Finca et al*, supra; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Greene, et als. v. Biase et als.*, 2025 TSPR 83, 216 DPR ___ (2025); *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). Lo cierto es que ***la falta de jurisdicción es un defecto que no puede ser subsanado.*** *Con. Tit. 76 Kings Court v. MAPFRE*, 208 DPR 1018, 1027 (2022); *Lozada Sánchez et al. v. JCA.*, 184 DPR 898, 909 (2012).

Por su parte, en la práctica apelativa, las partes vienen obligadas a cumplir con las disposiciones legales y reglamentarias aplicables para la tramitación eficaz de sus recursos. *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975). Para que estemos en posición de revisar al Foro Recurrido, la parte que

recurra ante nos *tiene la obligación de perfeccionar su recurso*, según lo exige la Ley y nuestro Reglamento. *Morán v. Martí,* 165 DPR 356, 363 (2005).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, dispone que este Foro, a *iniciativa propia* o a solicitud de parte, podrá desestimar un recurso por cualquiera de estos motivos:

> 1. *que el Tribunal de Apelaciones carece de jurisdicción;*
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> 3. *que no se ha presentado o proseguido con diligencia o buena fe;*
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> 5. que el recurso se ha convertido en académico.
> (Énfasis suplido).

### B. El contenido del Recurso de Revisión Administrativa

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585 (2019). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina,* supra.

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Isleta v. Inversiones Isleta Marina,* supra; *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Es por ello que, ante el rigor requerido, se autoriza la

desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd.* Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para que pueda atender el caso en los méritos. *Román et als v. Román et als*, 158 DPR 163, 167-168 (2002).

Por su parte, la Regla 59(E) de nuestro Reglamento, supra, dispone, en lo pertinente al caso de epígrafe, que los recursos administrativos deberán contener un Apéndice que contenga, entre otros:

(a) ...

(b) ...

(c) La orden, resolución o providencia administrativa **objeto del recurso de revisión** que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden **necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.**

(Énfasis nuestro).

Es doctrina reiterada que las partes, *inclusive los comparecientes por derecho propio* deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación. *Pueblo v. Román Martir*, 169 DPR 809, 822 (2007); *Córdova v. Larín,* 151 DPR 192, 195-198 (2000); *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 13 (2000). Sobre el particular, el Tribunal Supremo ha expresado:

En primer lugar, **es necesario aclarar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales**. Al igual que en el pasado quisimos evitar que litigantes perdidosos postergaran indefinidamente la adjudicación final y firme de los casos con la presentación de una moción de reconsideración, ahora **debemos evitar que las partes**

> *utilicen la comparecencia por derecho propio como subterfugio para no cumplir con las normas procesales*, especialmente aquellas que establecen términos jurisdiccionales o de cumplimiento estricto.
>
> *Febles v. Romar*, 159 DPR 714, 722 (2003).
> (Énfasis nuestro).

### III.

El recurrente comparece ante nos solicitando nuestra revisión de una alegada determinación de la División de Revisión de Remedios Administrativos. Según este, no se le han provisto los resultados de un sonograma cardiovascular. Sin embargo, *nos vemos obligados a desestimar el presente recurso.*

Como reseñáramos previamente, este Tribunal tiene la obligación de auscultar su jurisdicción sobre los asuntos y controversias ante su consideración. Las disposiciones reglamentarias que regulan nuestra facultad revisora proveen para que, *a iniciativa propia*, podamos desestimar un caso cuando no tenemos jurisdicción sobre el mismo.

Tanto la normativa aplicable, como la jurisprudencia, ha expresado que para poder atender los recursos de revisión administrativa – entre otros – los mismos *deben ser perfeccionados*. De esta manera, las partes nos colocan en posición de evaluar las controversias presentadas, a la luz de, no solo el derecho, sino los hechos acaecidos.

En el caso de autos, el recurrente no le ha provisto a este Tribunal Apelativo ninguna documentación que acredite la notificación a la parte recurrida, el dictamen recurrido, ni los documentos del alegado tracto administrativo. Finalmente, resaltamos que las comparecencias a este Tribunal por derecho propio *no justifican que las partes incumplan con las reglas procesales. Febles v. Romar*, 159 DPR 714, 722 (2003).

**IV.**

Por los fundamentos antes esbozados, *desestimamos el recurso por falta de jurisdicción por falta de perfeccionamiento del recurso.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones