Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PASESOL<br><br>Apelados<br><br>v.<br><br>LUIS GILBERTO CABRERA MEDINA Y OTROS<br><br>Apelantes | TA2025CE00726 | *Certiorari,* acogido como *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Cobro de Dinero<br><br>Caso Núm. SJ2024CV04082 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

La parte apelante, Luis Gilberto Cabrera Medina, Carmelina Álvarez Giboyeaux y la Sociedad Legal de Bienes Gananciales compuesta por ambos, comparece ante nos para que dejemos sin efecto la *Sentencia Parcial* emitida y notificada por el Tribunal de Primera Instancia, Sala de San Juan, el 6 de octubre de 2025. Mediante la misma, el foro primario desestimó la *Reconvención* presentada por la parte apelante.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso, por falta de jurisdicción.

**I**

El 6 de mayo de 2024, la parte apelada, Consejo de Titulares del Condominio Villas de Paseosol, presentó la demanda de epígrafe, sobre cobro de dinero, en contra de la parte apelante, por el incumplimiento del pago de las cuotas de mantenimiento.

Tras ciertos trámites, y atinente al asunto que atendemos, el 17 de febrero de 2025, la parte apelante presentó su *Contestación a*

*Primera Demanda Enmendada, Defensas Afirmativas y Reconvención.* En esencia, en el pliego se alegó que los contadores de agua y energía eléctrica no eran elementos comunes generales, sino que eran elementos privativos y particularizados, que le brindaban servicios solamente a su propiedad. Ante ello, argumentó que el Consejo de Titulares no tenía poder ni autoridad para intervenir con los contadores, para realizar la desconexión de servicios, por lo que sus actuaciones eran totalmente ilegales. A tenor con sus alegaciones, los esposos Cabrera-Álvarez plantearon que la parte apelada había sido temeraria, al ocasionarles un perjuicio innecesario en el uso y disfrute de su propiedad, razón por la cual reclamaron una suma no menor de veinticinco mil dólares ($25,000.00), por los alegados daños.

Luego de evaluada la *Moción en Solicitud de Sentencia Sumaria Parcial Relativa al Contador de Energía Eléctrica* presentada por la parte apelante, así como la *Oposición a Moción en Solicitud de Sentencia Sumaria Parcial Relativa al Contador de Energía Eléctrica* incoada por la parte apelada, el tribunal concluyó que no procedía la reclamación de daños instada por la parte apelante. Consecuentemente, procedió a desestimar la *Reconvención* presentada por los esposos Cabrera-Álvarez.

Inconforme con la determinación, el 20 de octubre de 2025, el Consejo de Titulares presentó una *Moción Solicitando Reconsideración Parcial de Sentencia Parcial para que se Decrete Temeridad de los Demandados.* En atención a la solicitud, el Tribunal de Primera Instancia le ordenó a la parte apelante que replicara en un término de veinte (20) días.

Aún pendiente de la adjudicación de la solicitud de reconsideración de referencia, el 5 de noviembre de 2025, la parte apelante compareció ante nos mediante el recurso de epígrafe, el cual acogimos como una *apelación,* mediante *Resolución* fechada 6

de noviembre de 2025. En el mismo, impugnó la desestimación de la *Reconvención* incoada.

Posteriormente, el 17 de noviembre de 2025, la parte apelada presentó ante nos un escrito intitulado *Moción Solicitando Desestimación por Falta de Jurisdicción.* En el pliego expone que este Foro no ostenta jurisdicción, ya que el Tribunal de Primera Instancia no ha adjudicado la solicitud de reconsideración presentada por la parte apelada.

Procedemos a expresarnos de conformidad con el trámite procesal del recurso de autos.

## II

La *moción de reconsideración* constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o que quede sujeto a una mayor evaluación. *Caro v. Cardona,* 158 DPR 592, 597 (2003). De este modo, los foros judiciales tienen la facultad de reconsiderar sus dictámenes, siempre que ostenten jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

A tenor con la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte adversamente afectada por una *Sentencia* emitida por el Tribunal de Primera Instancia puede servirse del término de quince (15) días desde la fecha de notificación de la misma, para solicitar su correspondiente reconsideración, mediante moción a tal fin. El referido plazo es uno jurisdiccional.

Ahora bien, en cuanto a la implicación procesal de una oportuna moción de reconsideración el referido estatuto dispone como sigue:

[...]

> Una vez presentada la moción de reconsideración, **quedarán interrumpidos los términos para recurrir en alzada para todas las partes.** Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> [...].

32 LPRA Ap. V, R. 47. (Énfasis nuestro).

**B**

Por su parte, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Markovic v. Meldon et al.,* 2025 TSPR 99, 216 DPR ___ (2025); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *SLG. Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Greene, et als. V. Biase et als,* 2025 TSPR 83, 216 DPR ___ (2025); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece

de eficacia jurídica. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 299 (2022). Un recurso en alzada que se presenta antes de tiempo no produce efecto jurídico alguno, puesto que no existe autoridad judicial para acogerlo. *Íd.*

### III

Siendo prematura la causa de epígrafe, estamos impedidos de entender sobre sus méritos.  La parte peticionaria recurre de una *Sentencia Parcial* notificada el 6 de octubre de 2025, en virtud de la cual el Tribunal de Primera Instancia desestimó la *Reconvención* incoada por la parte apelante. Respecto a dicha determinación, y por estar en desacuerdo, el 20 de octubre de 2025, la parte apelada presentó una solicitud de reconsideración, acto que, a tenor con la norma antes esbozada, tuvo un efecto interruptor sobre los procedimientos.

No empece a lo anterior, y, conforme surge del recurso de autos, con pleno conocimiento de la pendencia de la adjudicación de la reconsideración en controversia, el 5 de noviembre de 2025, la parte apelante, presentó el auto que nos ocupa. Ciertamente, toda vez que, a dicha fecha, el Tribunal de Primera Instancia, no había atendido la reconsideración en disputa, su comparecencia ante nos constituyó un llamado anticipado al ejercicio de nuestras funciones revisoras revestido de ineficacia jurídica. Siendo así, es forzoso concluir que el recurso de epígrafe es uno prematuro, condición que nos impide entender sobre sus méritos.  De este modo, únicamente podemos desestimarlo, por falta de jurisdicción.

### IV

Por los fundamentos que anteceden, se desestima el presente recurso, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones