Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MUNICIPIO DE JUANA DÍAZ<br><br>Apelado<br><br>V.<br><br>JOSÉ ALVARADO RIVERA<br><br>Apelante | TA2026AP00101 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br>Caso Núm.: JD2025CV00688<br><br>Sobre: Desahucio en precario |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2026.

El 29 de enero de 2026, el señor José Alvarado Rivera (señor Alvarado Rivera o apelante) presentó un recurso de apelación, en el que solicitó la revisión de una *Sentencia* emitida el 19 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz (TPI).[1] En dicho dictamen, el foro primario declaró Con Lugar la *Demanda* de desahucio en precario interpuesta por el Municipio de Juan Díaz (Municipio o apelado) contra el apelante. Inconforme, el señor Alvarado Rivera presentó una reconsideración, la cual el tribunal apelado denegó mediante una *Resolución Final* emitida el 8 de enero de 2026.[2]

Por las razones que expondremos a continuación, adelantamos la desestimación de este recurso por presentarse prematuramente. Cónsono con lo anterior, también declaramos No Ha Lugar la *Moción de Auxilio de Jurisdicción* presentada por el apelante.

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,*

---

[1] Entrada Núm. 22 del caso JD2025CV00688. Notificada el 22 de diciembre de 2025.
[2] *Íd.*, Entrada Núm. 25. Notificada el 9 de enero de 2026.

2025 TSPR 141, 216 DPR __ (2025), se prescinde de la comparecencia de las partes con interés, a fin de lograr un despacho justo y eficiente.

## I.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En ausencia de jurisdicción, el tribunal carece de la facultad para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386.

Es indispensable que un foro judicial evalúe primero el aspecto jurisdiccional, ya que no puede asumir discrecionalmente jurisdicción donde no existe. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). De lo contrario, la falta de jurisdicción acarrea la nulidad del dictamen emitido. *Íd.*

Por tanto, cuando este Tribunal carece de jurisdicción para intervenir en un asunto, procede desestimar inmediatamente el recurso, sin entrar en los méritos de la controversia. *Íd.* La Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, dispone que este Foro posee facultad para desestimar, a iniciativa propia, un recurso por falta de jurisdicción. Es menester destacar que:

> Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito. En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse. Asimismo, hemos expresado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia.
>
> Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". [...] *Ruiz Camilo v. Trafón Group, Inc.*, 200 DPR 254, 268-269 (2018).

**B. Apelación de desahucio**

Los Artículos 628 y 629 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2830 y 2831, disponen que la parte contra quien recaiga una sentencia en un caso de desahucio podrá apelar dentro del término de cinco (5) días, contados desde la fecha en que se archive en autos la notificación de la sentencia.

No obstante, no se admitirá el recurso de apelación si el demandado no otorga presta la fianza que fije el Tribunal de Primera Instancia, para responder por los daños y perjuicios que pueda ocasionar al demandante, así como por las costas de apelación. En los casos en que el desahucio se base en la falta de pago de las cantidades pactadas, el demandado podrá optar por entre prestar dicha fianza o consignar en la Secretaría del Tribunal el importe adeudado hasta la fecha de la sentencia. Art. 630 del Código de Enjuiciamiento Civil, *supra*, sec. 2832.

Este requisito de prestar fianza es de carácter jurisdiccional en todo pleito de desahucio, aun cuando la reclamación no se fundamente en falta de pago. *Markovic v. Meldon y otro*, 2025 TSPR 99, 216 DPR __ (2025); *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009). En consecuencia, corresponde al foro primario fijar el monto de la fianza como requisito previo y jurisdiccional para la presentación del recurso de apelación. *Íd.*; *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5 (2016).

Así, mientras el foro primario no establezca en la sentencia el monto de la fianza, esta carece de finalidad y, por ende, el término jurisdiccional de cinco (5) días para apelar no comienza a transcurrir. *Markovic v. Meldon y otro, supra*; *ATPR v. SLG Volmar-Mathieu, supra*. Empero, está exento de cumplir con el requisito aquel demandado cuya insolvencia económica haya sido reconocida por el foro primario, a fin de garantizar su acceso a los tribunales. *Íd.*

**II.**

Tras un análisis sosegado del expediente ante nuestra consideración, surge que este foro apelativo carece de jurisdicción para atender este recurso. En el caso de autos, el apelante acudió en apelación sin que el TPI hubiese fijado previamente el monto de la fianza requerida por ley en los pleitos de desahucio.

Como se desprende de la normativa aplicable, la fijación de la fianza constituye un requisito jurisdiccional indispensable para que una sentencia en un caso de desahucio adquiera finalidad y para que comience a transcurrir el término para apelar. En ausencia de dicha determinación por el foro primario, cualquier recurso apelativo resulta prematuro.

En este caso, al no haberse establecido en la sentencia el monto de la fianza —ni constar que el apelante estuviese exento de dicho requisito por insolvencia económica—, el recurso de apelación se presentó antes de comenzara a decursar el término jurisdiccional para apelar. En consecuencia, este recurso adolece del grave e insubsanable defecto de privar a este Tribunal de jurisdicción.

Por tratarse de un recurso prematuro, este Foro no puede entrar en los méritos de la controversia planteada. Procede, por tanto, su desestimación por falta de jurisdicción. Asimismo, y por idénticas razones, se declara No Ha Lugar la *Moción de Auxilio de Jurisdicción* presentada por el apelante.

**III.**

Por los fundamentos que anteceden, se desestima el recurso de apelación presentado por el señor Alvarado Rivera. Corresponderá al foro primario fijar la fianza en apelación que entienda correspondiente, según exigido por nuestro ordenamiento. Como corolario de lo anterior, se declara No Ha Lugar la *Moción de Auxilio de Jurisdicción* incoada por el apelante.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones