Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MARIA BELÉN VÁZQUEZ RIVERA POR CONDUCTO DE BRENDA NIEVES<br><br>Recurrida<br><br>v.<br><br>DAISY ANN ORTIZ REYES<br><br>Peticionaria | TA2026CE00356 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de Superior de Bayamón<br><br>Caso Núm.: GB2025CV00924<br><br>Sobre: Desahucio por falta de pago y por incumplimiento |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Ronda Del Toro, la Jueza Lotti Rodríguez

*Grana Martínez, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de abril de 2026.

Comparece la señora Daisy Ann Ortiz Reyes,[1] (en adelante, peticionaria) mediante recurso de *certiorari* presentado el 24 de marzo de 2026, nos solicita que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario) el 16 de marzo de 2026. Mediante el referido dictamen, el foro primario respondió a una solicitud de relevo de sentencia dentro de un proceso de desahucio y rechazó reconsiderar el dictamen emitido el 6 de febrero de 2026, reafirmando el desahucio en contra de la peticionaria.[2]

**I.**

Los hechos esenciales para comprender la determinación que hoy tomamos se detallan a continuación. El 7 de octubre de 2025 se presentó la *Demanda* de desahucio a nombre de María Belén

---

[1] La Comparecencia en la petición del recurso sostiene que comparece la parte querellante-peticionaria, Marla Bonilla González. Por el contenido del escrito, concluimos que dicha comparecencia es un error atribuible a la representación legal y quien comparece es la señora Daisy Ann Ortiz Reyes, parte demandada peticionaria.

[2] Véase Entrada Número 39 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el Tribunal de Primera Instancia (TPI).

Vázquez Rivera (en adelante, señora Vázquez Rivera) por conducto de la señora Brenda Nieves (en conjunto, recurrida).[3] El 9 de octubre de 2025, el foro primario emitió una *Orden* en la que le solicitó a la señora Brenda Nieves la escritura de poder inscrita en el Registro de Poderes y Testamentos de Puerto Rico, así como la correspondiente enmienda a la demanda identificando a la persona actuando bajo el poder otorgado por la señora Vázquez Rivera.[4] Dicha orden no fue cumplida dentro del término. Sin embargo, el TPI permitió que se continuara el curso de los trámites judiciales, en cuanto a la expedición de emplazamientos y las gestiones para diligenciar los mismos.[5] Luego, la recurrida presentó un *affidavit* emitido en el Estado de Florida mediante el cual la señora María Belén Vázquez Rivera autorizaba a su hija, la señora Brenda Nieves a, entre otros, interponer demandas por desahucio, cobro de deudas y daños y perjuicios contra cualquier inquilino que incumpliese los contratos de alquiler de sus propiedades en Puerto Rico.[6]

Luego de varios trámites procesales, el 6 de febrero de 2026, el TPI emitió *Sentencia en Rebeldía*, en la que declaró "Ha Lugar" la *Demanda*.[7] Allí, el foro primario condenó a la peticionaria al pago de los cánones de arrendamiento adeudados a la recurrida a razón de $2,200.00 mensuales, más $550.00 mensuales por cargos de demoras para un total de $20,550.00, más la suma de $3,000.00 por concepto de gastos y costas, más el pago de intereses legales al 8%. Además, conforme al artículo 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832, le impuso una fianza de diez mil dólares ($10,000), a los efectos de que pudiese presentar sus alegatos de apelación[8]

---

[3] Entrada #1 SUMAC TPI.
[4] Entrada #3 de SUMAC TPI.
[5] Entrada #8 de SUMAC TPI.
[6] Entrada #10 de SUMAC TPI.
[7] Entrada #24 de SUMAC TPI.
[8] Íd.

Así las cosas, cinco días después, la peticionaria presentó una *Moción Asumiendo Representación Legal, Solicitando Relevo de Sentencia, Reconsideración y Desestimación.*[9]

El 18 de febrero de 2026, doce (12) días después de emitida la *Sentencia*, la recurrida presentó moción en la que informó la protocolización del Poder y anejó la copia de escritura, pero sin evidencia de presentación ante Registro de Poderes.[10] No obstante, el 3 de marzo de 2026, la recurrida radicó moción informativa y en cumplimiento de orden con la Certificación del Registro de Poderes que acreditaba que el poder protocolizado en cuestión fue inscrito el 27 de febrero de 2026.[11]

Posteriormente, el 6 de marzo de 2026, el foro primario celebró una vista sobre *Conferencia sobre el Estado de los Procedimientos.* En la *Minuta* de dicha vista surge que, la peticionaria alegó que realizó unos pagos y que la cuantía no es la que se menciona en la *Sentencia.*

Aun así, el 16 de marzo de 2026, el TPI mediante *Resolución* declaró "No Ha Lugar" la *Moción Asumiendo Representación Legal, Solicitando Relevo de Sentencia, Reconsideración y Desestimación.*[12] Allí, explicó que todo el trayecto realizado por la señora Vázquez Rivera a los fines de protocolizar el poder en discusión, tuvo el efecto de una ratificación de los actos realizados por su hija Brenda Nieves en lo concerniente a la *Demanda* del epígrafe. Igualmente, aclaró que los asuntos traídos por la peticionaria no son compatibles con la naturaleza sumaria de la demanda de desahucio.

Inconforme con el proceder del foro primario, el 24 de marzo de 2026, la peticionaria acudió ante este Tribunal mediante recurso de *certiorari* y señala los siguientes errores:

---

[9] Entrada #26 de SUMAC TPI.
[10] Entrada #29 de SUMAC TPI.
[11] Entrada #32 de SUMAC TPI.
[12] Entrada #39 de SUMAC TPI.

Erró el Honorable Tribunal de Primera Instancia al aceptar que la Sra. Nieves presentara demanda en nombre de la Sra. Vázquez y prosiguiera trámites posteriores en el pleito sin haber presentado la autoridad legal como un poder valido en Puerto Rico para actuar en representación de la propietaria quien era la parte indispensable.

Ante ello, erró el tribunal al permitir la continuación de un pleito sin la comparecencia de parte indispensable y emitir emplazamientos, así como permitirle comparecer a vistas y dar sentencia en su favor.

Erró el tribunal en dar audiencia a persona sin legitimación activa para representar "pro se" a persona no es abogada licenciada y no presenta poder legal válido.

Erró el tribunal al no desestimar sin perjuicio la demanda del 7 de octubre luego de que no se cumpliera con la orden del 9 de octubre de 2025 de presentar poder.

Erró el tribunal al aceptar como poder legal legítimo un *Power of Attorney* del Estado de Florida sin protocolizar en Puerto Rico.

Erró el tribunal al entender que la protocolización retrotrae a la fecha del Affidavit y no nace como un poder nuevo en la jurisdicción, entendiendo que es un error subsanable.

Erró el tribunal al emitir sentencia sin tener en evidencia la protocolización del poder y la notificación en el Registro de Poderes del Tribunal Supremo de Puerto Rico.

Erró el tribunal al entender que la falta de poder válido es un acto subsanable y no nulo desde el comienzo de la acción ("nulo ab initio").

Erró el tribunal al no interpretar que la notificación en el Registro de Poderes es un requisito constitutivo para que nazca a la luz el mismo y no solicitar validación de su inscripción previo a emitir sentencia.

Erró el TPI al no relevar a la parte querellada de los efectos de la anotación de la rebeldía y no dar a la parte querellada término para defenderse presentando contestación a querella.

## II.

### A. Jurisdicción

Tan reciente como en *Greene et als. v. Biase et als.,* 2025 TSPR 83, 216 DPR __ (2025), el Tribunal Supremo de Puerto Rico ratificó que la jurisdicción es el poder o autoridad de los tribunales para

atender y decidir los casos ante su consideración. Los tribunales deben ser celosos al constatar su jurisdicción y no tienen discreción para asumirla cuando no la tiene. Íd., pág. 4; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). El tribunal que carece de jurisdicción está obligado a declararlo y a desestimar sin entrar a considerar los méritos del mismo. La ausencia de jurisdicción conlleva la nulidad de los dictámenes emitidos. García *Colón et al. v. Sucn. González*, 178 DPR 527, 543 (2010); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

### B. Desahucio

El desahucio es la acción que tiene el propietario de un inmueble arrendado para recobrar judicialmente su posesión. Generalmente se tramita procesalmente por la vía sumaria en aras de cumplir con el interés gubernamental de atender de manera prioritaria la reivindicación de la posesión y el disfrute de un inmueble por su dueño. *Markovic v. Meldon y otro*, 2025 TSPR 99, 216 DPR __ (2025). Los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, rigen el trámite del proceso de desahucio sumario. El legislador manifestó en estos artículos el interés del Estado de atender expeditamente la reclamación del dueño de un inmueble. *Markovic v. Meldon y otro, supra.*

El alcance de las controversias que pueden ventilarse mediante el desahucio sumario es limitado, porque únicamente se persigue recuperar la posesión del inmueble. En los casos en que la demanda se base en la falta de pago del canon o precio convenido, el tribunal podrá permitir la acumulación de una reclamación en cobro de dinero, fundamentada en la falta de pago del canon o precio en que se base la reclamación de desahucio, con esta última en el mismo procedimiento judicial sobre desahucio. *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 9-10 (2016).

Los conflictos de título no pueden dilucidarse en un procedimiento de desahucio sumario. El Tribunal Supremo de Puerto Rico ha advertido que existe un conflicto de título, cuando la demandada presenta prueba suficiente para demostrar su derecho a ocupar la propiedad y que su título es tan bueno o mejor que el del demandante. *Markovic v. Meldon y otro*, supra; *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 431 (2009). Ahora bien, esto no limita a la parte demandada a presentar defensas afirmativas y a solicitar que el desahucio se convierta al trámite ordinario. *ATPR v. SLG Volmar-Mathieu*, supra.

### D. La fianza en apelación

El Artículo 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832, dispone que no se admitirá el recurso de apelación de un demandado, si este no otorga fianza que responda por los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación. Por tanto, es norma conocida que el recurso de apelación solo se perfecciona si la parte demandada presta la fianza por el monto que fije el foro primario, dentro del término de cinco (5) días contados desde la fecha de archivo en autos de la notificación de la sentencia. Art. 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831; *Markovic v. Meldon y otro, supra,* pág. 5; *Crespo Quiñones v. Santiago Velázquez, supra,* pág. 414. De hecho, en *Markovic v. Meldon y otro,* supra, pág. 6, el Tribunal Supremo de Puerto Rico reconoce el carácter jurisdiccional de la prestación de fianza como requisito apelativo en todo tipo de caso de pleito de desahucio aun si no se basa en la falta de pago.

No obstante, cuando la acción de desahucio se deba a la falta de pago de las cantidades convenidas, el demandado puede: (1) otorgar la fianza, o (2) consignar en la Secretaría del Tribunal de Primera Instancia el importe de la deuda hasta la fecha de la sentencia. Íd. Asimismo, el Artículo 631 del Código de

Enjuiciamiento Civil, 32 LPRA sec. 2835, requiere que cuando la acción de desahucio se fundamente en la falta de pago, el demandado debe consignar en la Secretaría del Tribunal de Primera Instancia el importe de todos y cada uno de los cánones de arrendamiento que vayan venciendo u otorgar fianza. De modo que, si el demandado no presta la fianza ni consigna los cánones adeudados, el Tribunal de Apelaciones no podrá adquirir jurisdicción, por lo que no podrá atender un recurso de apelación. *Markovic v. Meldon y otro, supra,* pág. 5; *Crespo Quiñones v. Santiago Velázquez, supra*, pág. 414. Ahora bien, aunque la norma general es la prestación de fianza como requisito jurisdiccional, se reconoce como única excepción los casos en que la parte demandada sea insolvente. *Bucaré Management v. Arriaga García*, 125 DPR 153, 158-159 (1990).

Asimismo, dichos requisitos para apelar en los casos de desahucio no hacen distinción a si el trámite se llevó a cabo por la vía ordinaria o extraordinaria. *Markovic v. Meldon y otro, supra,* pág. 9. Esto, ya que el legislador(a) no tuvo la intención de diferenciar entre los tipos de desahucios al momento de requerir la fianza. Íd.

**III.**

En esencia, la peticionaria alega que el foro primario erró al admitir a la señora Carmen Nieves como representante de la señora Vázquez Rivera, cuando esta no contaba con poder legal válido en Puerto Rico que la autorizara. Ante ello, sostiene que dicho foro incidió al anotar la rebeldía y al dictar sentencia declarando con lugar el desahucio solicitado, en ausencia de parte indispensable —la señora Vázquez Rivera quien es la propietaria y arrendadora—.

Tan reciente como en el caso de *Markovic v. Meldon y otro, supra,* nuestro más alto foro local reafirmó que este Tribunal carece de jurisdicción en un caso de desahucio si el demandado no presta la fianza ni consigna los cánones adeudados en la Secretaría del TPI.

La única excepción ante tal requerimiento es la insolvencia económica del demandado y que esta haya sido reconocida por el tribunal. *Markovic v. Meldon y otro, supra,* pág. 6; *Crespo Quiñones v. Santiago Velázquez, supra,* pág. 414.

Es un hecho incontrovertido que la peticionaria no pagó fianza o consignó en la Secretaría del TPI el importe de la deuda que permitiera perfeccionar el presente recurso. No surge del expediente que la peticionaria cumpliera con dicho requisito, así como tampoco la insolvencia de esta que le permitiera eximirse de tal pago. Por tanto, cuando este Tribunal carece de jurisdicción está obligado a declararlo y a desestimar el recurso.

Así pues, se desestima el recurso presentado por falta de jurisdicción ante el incumplimiento de los Artículos 629-631 del Código de Enjuiciamiento Civil, *supra.* Esto, dado a que, no se perfeccionó por la peticionaria al no emitir el pago de fianza o la consignación del importe de la deuda en la Secretaría del TPI.

**IV.**

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción ante la ausencia del pago de fianza o la consignación del importe de la deuda en la Secretaría del TPI que permitiera perfeccionar el presente recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones