Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | TA2026RA00137 | ***Revisión Administrativa***<br>Procedente de la Departamento de Corrección y Rehabilitación<br><br>Caso Núm. B11726<br><br>Sobre:<br>Solicitud de medicamentos |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de abril de 2026.

El recurrente, Eliezer Santana Báez es miembro de la población correccional y comparece por derecho propio mediante recurso de revisión administrativa. Este nos solicita la revisión de una *Resolución* emitida por el Director de Servicios Clínicos de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR). En virtud del aludido dictamen, el referido foro ordenó al recurrente esperar hasta que fuese evaluado para determinar el tratamiento médico a seguir.

**I**

Los hechos esenciales para comprender la determinación que hoy tomamos son los siguientes. El 14 de enero de 2026, el recurrente presentó una *Solicitud de Remedio Administrativo* ante el DCR, en el cual sostuvo que tiene la tiroides descontrolada debido a que le cambiaron el medicamento a uno bioequivalente.[1] En

---

[1] Entrada #3, Anejo 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

respuesta, el 10 de febrero de 2026, notificada el 17 del mismo mes y año, el DCR le explicó al recurrente lo siguiente:

> [U]sted ha sido referido a la Clínica de Medicina Interna y se le orden[ó] los laboratorios conducentes ha (sic) controlar su función de tiroides. Una vez evaluado por el Internista se determinar[á] el tratamiento a seguir que mejor controle su condición m[é]dica.[2]

En desacuerdo, el 20 de febrero de 2026, el recurrente presentó una *Solicitud de Reconsideración.*[3] El 6 de marzo de 2026 y recibida por el recurrente el 18 de marzo de 2026, el DCR notificó que acogió la solicitud de reconsideración presentada por este.[4] Allí, explicó que el Coordinador tendrá treinta (30) días laborables para emitir Resolución de Reconsideración y de no estar de acuerdo con la determinación, el recurrente podrá solicitar Revisión Judicial en este el Tribunal de Apelaciones dentro del término de (30) días calendarios.

Ante la dilación del DCR, el 24 de marzo de 2025, el recurrente acudió ante este Tribunal mediante recurso de *Revisión Judicial* y señala el siguiente error:

> Erró el DCR al cambiarme el tratamiento a uno bioequivalente sin consentimiento ni informarme de la sustitución y así tratarme con un sustituto y luego de la respuesta eliminarme la cita pautada con el internista para sostener su actuación ilegal y contraria al acuerdo Morales Feliciano.

## II

### A. Revisión Judicial

La Ley de la Judicatura de Puerto Rico de 2003 dispone que: el Tribunal de Apelaciones conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni

---

[2] Entrada #3, Anejo 3 del SUMAC TPI.
[3] Entrada #3, Anejo 4 del SUMAC TPI.
[4] Entrada #2, Anejo 6 del SUMAC TPI.

será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el Tribunal. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003" hoy derogada por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, (en adelante, LPAUG).[5] 4 LPRA sec. 24y.

En lo pertinente, la LPAUG establece que sus disposiciones serán aplicables a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. Con excepción de: (a) las dictadas por el Secretario de Hacienda con relación a las leyes de rentas internas de Puerto Rico, las cuales se revisarán mediante la presentación de una demanda y la celebración de un juicio de novo, ante la sala con competencia del Tribunal de Primera Instancia. Todo demandante que impugne la determinación de cualquier deficiencia realizada por el Secretario de Hacienda vendrá obligado a pagar la porción de la contribución no impugnada y a prestar fianza por la totalidad del balance impago de la contribución determinada por el Secretario de Hacienda, en o antes de la presentación de la demanda; y (b) las dictadas por el Centro de Recaudación de Ingresos Municipales con relación a las deficiencias, tasaciones e imposiciones contributivas sobre la propiedad mueble e inmueble, las cuales se regirán por el Libro VII de la Ley 107-2020, según enmendada, conocida como "Código Municipal de Puerto Rico". 3 LPRA sec. 9671.

---

[5] Ley Núm. 38 de 30 de junio de 2017, según enmendada.

A través de la revisión judicial los tribunales garantizan que las agencias administrativas actúen dentro del marco de las facultades que le fueron delegadas, que cumplan con los mandatos constitucionales que rigen su función y, en especial, con el debido proceso de ley. De esta forma se vela porque la ciudadanía tenga un foro al cual recurrir para vindicar sus derechos y obtener un remedio frente a las actuaciones arbitrarias de las agencias. La revisión judicial constituye el recurso exclusivo para revisar los méritos de las decisiones administrativas adjudicativas o informales. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 753-754 (2024); *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998, 1015 (2008).

Una parte que haya sido afectada adversamente por una orden o resolución final de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […] 3 LPRA sec. 9672.

En lo pertinente a la controversia que nos ocupa, la sección 3.15 de la LPAUG establece el procedimiento de reconsideración que tendrá a su disposición aquella parte adversamente afectada por una resolución u orden parcial o final que no esté conforme con la misma. A tales efectos dispone:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá

considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. . . . 3 LPRA sec. 9655.

Ahora bien, nuestro más alto foro local estableció que una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sec. 3.15 de la LPAU, siempre y cuando no haya transcurrido el término para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso ante dicho foro. *Flores Concepción v. Taíno Motors, Inc.,* 168 DPR 504, 522 (2006).

### B. La jurisdicción

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias. *Markovic v. Meldon y otro,* 2025 TSPR 99, 216 DPR ___ (2025); *Yumac Home v. Empresas Masso,* 194 DPR 96, 103 (2015). La falta de jurisdicción de un tribunal incide directamente sobre el poder mismo del tribunal para adjudicar una controversia y sus consecuencias son las siguientes: (1) no puede subsanarse (2) las partes no pueden conferírsela voluntariamente al tribunal y este tampoco puede arrogársela (3) conlleva la nulidad de los dictámenes emitidos (4) impone a los tribunales el deber ineludible de auscultar su propia jurisdicción (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y (6) puede presentarse en cualquier etapa del procedimiento a instancia de las partes o por el tribunal *motu proprio. Gonzalez v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

Así las cosas, un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del

tribunal o como en este caso ante la agencia y que aún no ha sido finalmente resuelta, se conoce como un "recurso prematuro". Sencillamente, el recurso se presentó en la Secretaría antes de tiempo. Un recurso prematuro adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Masso, supra*, pág. 107; *Julia et al v. Epifanio Vidal S.E.*, 153 DPR 357, 366 (2001). Como tal, su presentación carece de eficacia y *no produce ningún efecto jurídico*, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153, 154 (1999) (Resolución).[6] Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Massó, supra.*

El Tribunal Supremo de Puerto Rico ha sido enfático en que los tribunales tienen que ser celosos guardianes de su jurisdicción y en que no tienen discreción para asumirla cuando no la tienen. Por eso, es norma reiterada que las cuestiones de jurisdicción son de índole privilegiadas y deben ser resueltas con preferencia. Por tanto, cuando un tribunal determina que no tiene jurisdicción está obligado a desestimar inmediatamente el recurso apelativo, conforme lo ordenado en las leyes y reglamentos aplicables al perfeccionamiento de los recursos. *Allied Mgmt. Group Inc. v. Oriental Bank,* 204 DPR 374, 386-387 (2020); *JMG Investment v. ELA et al,* 203 DPR 708, 714-715 (2019).

**III**

El recurso incoado es prematuro y, por consiguiente, este Tribunal carece de jurisdicción para atenderlo.

---

[6] Véase Voto concurrente del Juez Asociado Señor Negrón García.

Según explicamos, una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sec. 3.15 de la LPAUG. Esto, siempre y cuando no haya transcurrido el término para acudir en revisión ante Tribunal y no se haya presentado un recurso ante dicho foro. *Flores Concepción v. Taíno Motors, Inc., supra.*

En el presente caso, el 20 de febrero de 2026, el recurrente presentó una *Solicitud de Reconsideración.* Luego, el 6 de marzo de 2026 y recibida por el recurrente el 18 de marzo de 2026, el DCR notificó que acogió la solicitud de reconsideración presentada por este. Si acogiéramos la fecha del 6 de marzo de 2026, fecha que ya hemos dicho que DCR acogió la moción de reconsideración, concluiríamos que el Departamento acogió la moción dentro de los 15 días. Ahora bien, los hechos demuestran, y es una realidad, que la notificación en el caso de los miembros de la población correccional puede ser un tanto más complicada por ser una entrega personal que aquella que hoy en día se permite mediante procesos electrónicos. El DCR notificó haber acogido la reconsideración a los veintiséis (26) días después de presentada la misma, mediante entrega personal al recurrente. Lo medular en cuanto al recurso que nos ocupa son dos cosas, primero que el término para acudir en revisión judicial no había transcurrido y, segundo, que no se había presentado el recurso de revisión judicial. Es decir, antes de que culminara el término para la revisión judicial y que el recurrente compareciera a este Tribunal, la agencia acogió la moción de reconsideración y notificó al recurrente. Por tanto, conserva su jurisdicción la agencia.

Así pues, cuando un recurso es prematuro, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Julia et al. v. Epifanio Vidal, S.E., supra,* pág. 366.

**IV**

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción al ser prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones