Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ A. MÁRQUEZ SÁNCHEZ<br><br>**Parte recurrente**<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>**Parte recurrida** | **TA2026RA00122** | **REVISIÓN ADMINISTRATIVA** Procedente de la División de Remedios Administrativos Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>**PP-01-26**<br><br>Sobre:<br>Apelación de Decisión Administrativa - Respuesta a Remedio Administrativo del 14 de enero de 2026 |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece ante nos *por derecho propio* José Márquez Sánchez, en adelante, Márquez Sánchez o recurrente, solicitando que revisemos la determinación notificada el 20 de enero de 2026 por el Departamento de Corrección y Rehabilitación, en adelante, DCR o recurrida. En la misma, el DCR le indicó al recurrente que aún no han podido realizar la evaluación de su solicitud para el Programa de Desvío.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso por falta de jurisdicción.

**I.**

El recurrente se encuentra confinado en una Institución Penal en el Municipio de Ponce. El 22 de diciembre de 2025, Márquez Sánchez presentó una *Solicitud de Remedio Administrativo,* a la cual se le asignó el número PP-01-26, ante la División de

Remedios Administrativos correspondiente. En la misma, sostuvo que está esperando desde el año 2023 ser evaluado para un programa de pre-reinserción social del Programa de Desvío del DCR. Indicó haber cumplido con la Orden Administrativa DCR-2023-03, del *Proyecto para la Pre Reinserción a la Libre Comunidad,* del 7 de septiembre de 2023. Aduce que, el 10 de abril de 2025 presuntamente fue evaluado por el comité para el Centro de Rehabilitación y Nuevas Oportunidades del Municipio de Arecibo. Según este, luego de haber sido investigado, han pasado más de dos (2) años sin respuesta. En su escrito, peticionó al DCR que le brindara una contestación respecto a su solicitud al programa de reinserción social.[1]

El 20 de enero de 2026, el recurrente fue notificado de la respuesta emitida el 14 de enero de 2026 por la División de Remedios Administrativos, respecto a la solicitud PP-01-26.[2] En la misma, se le indicó que su referido al Programa de Pre-Reinserción por el Programa de Desvío surge del 10 de abril de 2025. Además, se le notificó que *aún no se había evaluado debido a que faltaba una certificación del programa de Servicio de Aviso a Víctimas sobre el Estatus de Reclusos (SAVER) del DCR.* También, le advirtieron que el Centro de Rehabilitación y Nuevas Oportunidades del Municipio de Arecibo (CNR) se encuentra ocupado en su totalidad.[3]

Inconforme, el recurrente solicitó nuestra revisión del asunto el 5 de febrero de 2026, mediante recurso de revisión administrativa, el cual fue radicado ante la Secretaría de nuestro Tribunal el 19 de marzo de 2026.[4] En su recurso, Márquez Sánchez planteó que la recurrida ha violentado el debido proceso de ley al incurrir en una dilación, a su entender, irrazonable. Sostuvo, además, que la

---

[1] Entrada 3 de SUMAC TA, anejo 1, pág. 6.
[2] *Íd.*, pág. 2.
[3] *Íd.,* pág. 3.
[4] Entrada 1 de SUMAC TA.

determinación administrativa objeto de esta revisión es arbitraria y caprichosa por no adjudicar hechos ni estar debidamente fundamentada. Finalmente, sostiene que el DCR ha incumplido con la política pública orientada a la rehabilitación del confinado.[5]

Mediante *Resolución* del 24 de marzo de 2026, concedimos al DCR hasta el 9 de abril de 2026 para presentar su posición en cuanto al recurso, conforme a lo dispuesto en la Regla 7B(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025). Además, ordenamos a la agencia recurrida a elevar el expediente administrativo número PP-01-26.[6]

El DCR elevó el expediente solicitado el 30 de marzo de 2026[7], y su contestación al recurso el 20 de abril de 2026.[8]

Perfeccionado el recurso de autos, procedemos a resolver.

## II.

### A. Jurisdicción

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tienen ante sí. *Mun. Río Grande v. Adq. Finca et al*, 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *Mun. Aguada v. W. Const. y Recovery Finance*, 214 DPR 432, 448 (2024); *R & B Power Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348, 354 (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions, LCC v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además,

---

[5] Entrada 1 de SUMAC TA.
[6] Entrada 2 de SUMAC TA.
[7] Entrada 3 de SUMAC TA.
[8] Entrada 6 de SUMAC TA.

es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Markovic v. Meldon y otro*, 2025 TSPR 99, 216 DPR ___ (2025); *Mun. Río Grande v. Adq. Finca et al,* supra; *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Greene, et als. v. Biase et als.*, 2025 TSPR 83, 216 DPR ___ (2025); *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra.*, la cual confiere facultad a este Tribunal para, *a iniciativa propia* o petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada regla dispone que este Tribunal, *a iniciativa propia*, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

> ***(1) que el Tribunal de Apelaciones carece de jurisdicción;***
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o

(5) que el recurso se ha convertido en académico.

(Énfasis suplido).

**B. Revisión Administrativa**

El Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, 4 LPRA sec. 24y(c), otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, **órdenes y resoluciones finales** de las agencias administrativas. *AAA v. UIA,* 200 DPR 903, 910-911 (2018); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014). A su vez, posibilita el poder constatar que los organismos administrativos "cumplan con los mandatos constitucionales que rigen el ejercicio de su función, especialmente con los requisitos del debido proceso de ley". *Tricoche, Rivera v. Luis Freire,* 2025 TSPR 92, 216 DPR ___ (2025); *Vázquez et al v. DACo,* 2025 TSPR 56, 215 DPR ___ (2025); *Simpson, Passalaqcua v. Quirós, Betances,* 214 DPR 370, 377 (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Comisión Ciudadanos v. G.P. Real Prop.,* 173 DPR 998, 1015 (2008). De esta forma, se vela por que los ciudadanos tengan "un foro al cual recurrir para vindicar sus derechos y obtener un remedio frente a las actuaciones arbitrarias de las agencias". *Id.*

La Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, Ley 38-2017, dispone que la revisión administrativa ante el Tribunal de Apelaciones **se hará respecto a las órdenes o resoluciones finales,** luego de que el recurrente haya agotado "todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente". 3 LPRA sec. 9672. Es decir, no serán revisables directamente a este Tribunal las órdenes o resoluciones interlocutorias de una agencia, esto es, aquellas que se emitan

durante *los procesos administrativos que se desarrollan por etapas, y no sean finales.*

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. El Tribunal Supremo de Puerto Rico ha establecido que para que una orden emitida por una agencia pueda ser revisada ante el Tribunal de Apelaciones, deben cumplirse dos requisitos: (i) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia y (ii) que la resolución sea final y no interlocutoria. *Depto. Educ. v. Sindicato Puertorriqueño*, supra, pág. 543; *Procuradora Paciente v. MCS*, supra, a las págs. 34-35. Se entiende como final la orden o resolución emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935 (2000). Nuestro Alto Foro lo ha descrito como una orden o resolución que "le ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes". *Crespo Claudio v. O.E.G.,* 173 DPR 804, 812-813 (2008); *Comisionado Seguros v. Universal,* 167 DPR 21, 28-29 (2006).

### C. Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento 8583.

El Reglamento Núm. 8583 del 4 de mayo de 2015, conocido como el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, en adelante, Reglamento 8583, establece el procedimiento aplicable a las solicitudes de remedio presentadas por las personas confinadas.

En virtud de la Regla IV (20) del Reglamento 8583, ante la radicación de una solicitud de remedio, un "Evaluador" de Corrección emite una "Respuesta", mediante la cual atiende la solicitud del remedio administrativo.

El Reglamento 8583 dispone que, a partir de esa respuesta, el confinado puede solicitar su revisión ante un "Coordinador". En esa etapa, el Coordinador viene obligado a emitir una "Resolución" que incluya "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la controversia planteada". Regla IV(21) y (23), y Regla XIV(1) del Reglamento 8583, *supra.*

Por ello, se debe puntualizar que, dentro del esquema reglamentario adoptado por DCR, la respuesta del Evaluador constituye una determinación inicial, por carecer de determinaciones de hechos y conclusiones de derecho. La decisión final susceptible de revisión judicial es la Resolución emitida por el Coordinador, luego de presentada la correspondiente solicitud de revisión.

### III.

Márquez Sánchez recurre ante nos y solicita la revisión de la respuesta emitida por la División de Remedios Administrativos el 14 de enero de 2026, notificada el 20 de enero de 2026. No obstante, del propio expediente administrativo surge que dicha actuación constituye una "Respuesta" emitida por un Evaluador de Corrección, conforme al Reglamento Núm. 8583.

A la luz da la norma aplicable, esa respuesta no representa una determinación final de la agencia. Por el contrario, constituye una actuación inicial que carece de determinaciones de hecho y conclusiones de derecho, y que activa un mecanismo ulterior de revisión ante un Coordinador. Es en esa etapa donde la agencia emite una resolución con carácter adjudicativo, susceptible de revisión judicial.

El expediente no refleja que exista una Resolución final emitida por el Coordinador del DCR. En consecuencia, el trámite

administrativo no ha culminado. Ante ello, el recurso presentado *resulta prematuro.*

Este Tribunal carece de facultad para intervenir en etapas interlocutorias del proceso administrativo, en ausencia de una determinación final y del agotamiento de los remedios disponibles en la agencia.

En tales circunstancias, procede concluir que este *Foro carece de jurisdicción* para atender el recurso. En virtud de ello, no podemos entrar a considerar los planteamientos del recurrente en sus méritos.

**IV.**

Por los fundamentos antes expuestos y en virtud de la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, *supra,* se dicta sentencia mediante la cual se *desestima* el recurso presentado por *falta de jurisdicción* al haberse presentado prematuramente. Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones, *supra.*

El Administrador de Corrección deberá entregar copia de esta Sentencia al confinado, en cualquier institución donde éste se encuentre. Notifíquese, además, a la Procuradora General.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones